466 So.2d 1212 (1985)
Harold L. COHEN and Ette Cohen, His Wife, Jules Pearlman and Shirley Pearlman, His Wife, Tony Sandelier and Ruth Sandelier, His Wife, Carl Ritter and June Ritter, His Wife, "Class Representation," Appellants,
v.
CAMINO SHERIDAN, INC., Gable Roofing, City of Hollywood, a Municipal Corporation, and Penninsula General Builders, Inc., a Florida Corporation, Appellees.
No. 84-323.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
*1213 Richard I. Glick of Abe Rosenberg, P.A., Hollywood, for appellants.
Steven H. Simler and Mark A. Rutledge of Pomeroy, Betts & Markel, West Palm Beach, for appellee, Gable Roofing.
Caron E. Speas and Robert M. Klein of Stephens, Lynn, Chernay & Klein, P.A., Miami, for appellee, City of Hollywood.
DOWNEY, Judge.
Appellants, eight persons who were seeking to maintain a class action for damages resulting from an allegedly negligent construction of the roofs on their dwellings, appeal from an order that dismissed their complaint as a class action. Professing to be members of a class described as all homeowners of Camino Sheridan, appellants filed a complaint on behalf of all members of that class against Camino Sheridan, Inc., Gable Roofing, and the City of Hollywood. The complaint charged Camino and its parent corporation, Penninsula General Builders, Inc., with breach of warranty as to the dwellings, Gable Roofing with negligent construction of the roofs on said dwellings, and the City of Hollywood with negligent inspection of said construction.
The class action allegations of the complaint are based upon Florida Rule of Civil Procedure 1.220. Appellants contend that there are common questions of law and fact that predominate over any other questions. They allege that all members of the class they seek to represent purchased their homes from the developer Camino Sheridan and had their roofs installed by Gables Roofing; the roofs had latent defects and developed leaks, which plaintiffs became aware of after April 1, 1979. Appellant alleged as examples of identical issues of law that relate to all members of the class, the following; "is a governmental agency liable for a faulty building inspection, are the Plaintiffs third-party beneficiarys (sic) to the contract between GABLE ROOFING and CAMINO SHERIDAN, INC., did the CITY OF HOLLYWOOD permit certificates of occupancy to issue despite the existance (sic) of code violations[?]"
Upon motion of the defendant-appellees, the trial court dismissed the complaint because it was found to be inappropriate for class action litigation. On motion for clarification, the court entered an order specifically finding that causes of action were stated for the individual party plaintiffs but that a class action could not be maintained "because the individual causes of action accrued at different times and the individual damages preclude such class action... ."
Generally speaking, we do not believe that differences among the class as to the applicable statute of limitations require dismissal of a class action, e.g., Entin v. Barg, 60 F.R.D. 108 (E.D.Penn. 1973), nor is *1214 entitlement to different amounts of damages necessarily fatal to a class action, e.g., Blackie v. Barrack, 524 F.2d 891 (9th Cir.1975). Thus, the reasons relied upon by the trial judge appear inadequate for dismissal. Nevertheless, we believe the amended complaint herein leaves too much to be desired to meet the minimum requirements for a class action suit. The complaint does not allege that the contracts between the class members and Camino Sheridan were identical or virtually so. It does not allege the roof or roofs in question were common roofs. For aught the complaint shows, we may be dealing with 90 separate, independent houses. In sum, with regard to the purported class versus Camino Sheridan there are simply insufficient allegations to demonstrate the commonality required to allow all of the claims to be tried together. That is not to say further amendment of the complaint would be unavailing if appropriate facts can be alleged to show sufficient common interest to warrant treatment of the cause as a class action. See, e.g., Hernandez v. Motor Vessel Skyward, 61 F.R.D. 558 (S.D. Fla. 1973).
With regard to the cause of action between the purported class and the City of Hollywood, appellants concede the roofs were not built at the same time so that inspections, of necessity, were at different times. Perhaps they were performed by different people in different ways. So it appears unlikely that this claim is suitable for class action. However, appellants should have at least one more chance to plead a factual case which will meet class action criteria.
Accordingly, we affirm the order appealed from dismissing the amended complaint as a class action, but we remand the cause with directions to allow appellants to file a further amendment, if they be so advised, to adequately plead grounds for a class action.
DELL and BARKETT, JJ., concur.