522 So.2d 69 (1988)
Charles R. POWELL, Appellant,
v.
RIVER RANCH PROPERTY OWNERS ASSOCIATION, INC., and William J. Page, Appellees.
No. 87-1188.
District Court of Appeal of Florida, Second District.
February 19, 1988.
Rehearing Denied March 24, 1988.
*70 David A. Monaco of Cobb & Cole, Daytona Beach, for appellant.
John W. Frost, II and Loula M. Fuller of Frost & Purcell, P.A., Bartow, for Appellee River Ranch Property Owners Ass'n, Inc.
No appearance by William J. Page.
HALL, Judge.
The appellant, Charles R. Powell, seeks review of an order of the circuit court dismissing with prejudice the class action counts of his amended complaint.
The appellant contends that the allegations of his amended complaint if taken as true are sufficient to establish the elements necessary under Florida Rule of Civil Procedure 1.220 to maintain a class action. We agree.
Powell alleges that he represents a group of 3200 absentee land owners who own property within an unrecorded subdivision in Polk County, consisting of approximately 55,000 acres. The subject property is known as River Ranch Acres. Powell alleges that the appellee, River Ranch Property Owners Association, consisting of 4000 members, is basically a hunt club open to membership of any property owner of River Ranch Acres and that the appellee has fenced the property, thereby limiting its use to the club members, allowing trespass upon nonmembers' property and denying access to property owners unless they are members of the association.
The appellee contends that a class action suit cannot properly be maintained because the facts involved in each land owner's claim vary with regard to each parcel of property.
Florida Rule of Civil Procedure 1.220 sets forth the prerequisites for maintenance of a class action. That rule was completely revised in 1980 to bring it in line with modern practice and is based on Rule 23 of the Federal Rules of Civil Procedure. We follow the federal construction and application where appropriate. Lingelbach's Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476 (Fla. 2d DCA), review denied, 476 So.2d 674 (Fla. 1985).
Federal Rule 23 and, by analogy, Florida Rule 1.220, do not require that class certification be denied merely because the claim of one or more class representatives arises in a factual context that varies somewhat from that of other plaintiffs. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986). The court's primary concern in considering the typicality and commonality of claims should be whether the representative's claim arises from the same practice or course of conduct that gave rise to the remaining claims and whether the claims are based on the same legal theory. Morgan v. Laborers Pension Trust Fund for Northern California, 81 F.R.D. 669 (N.D. Cal. 1979); Donaldson v. Pillsbury Co., 554 F.2d 825 (8th Cir.1977), cert. denied, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977).
If we take as true the appellant's allegations in his amended complaint, as the trial judge is required to do, we find that those allegations satisfy the prerequisites for maintaining a class action. Therefore, the trial court erred in dismissing the amended complaint with prejudice, and we remand to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and FRANK, J., concur.