Michael POTTINGER, Peter Carter, and Berry Young, Plaintiffs,

v.

CITY OF MIAMI, Defendant.

No. 88–2406–Civ.

United States District Court, S.D. Florida.

July 21, 1989.

Miami Chapter of the American Civil Liberties Union by Benjamin S. Waxman, Daniel Jonas and Maurice Rosen, Miami Beach,

Fla., and Weiner Robbins Tunkey & Ross, P.A. by Jeffrey S. Weiner, Miami, Fla., for plaintiffs.

Jorge L. Fernandez, City Atty., Leon M. Firtel, Asst. City Atty., Miami, Fla., for defendant.

### ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS ACTION

ATKINS, District Judge.

THIS CAUSE is before the court on the plaintiffs' motion for class certification. After reviewing the motion, memoranda, and the relevant law, it is

ORDERED AND ADJUDGED that the motion is GRANTED.

This action for injunctive and declaratory relief was initiated by the plaintiffs Michael Pottinger, Peter Carter, and Berry Young against the defendant City of Miami. The plaintiffs seek class certification for themselves and approximately 5,000 homeless men and women who reside on the public streets in the City of Miami in the narrowly defined "geographic area bordered on the North by Interstate 395, on the South by Flagler Street, on the East by Biscayne Bay, and on the west by Interstate 95." Plaintiffs allege that they "have been arrested in the past and/or expect to be arrested in the future" and seek to represent those who "have also been, or expect to be, arrested" for conduct arising from their homeless condition on the public streets.

The plaintiffs contend that the action of the City of Miami ("City") in making arrests for such ordinary and essential conduct violates their freedoms and rights guaranteed under the first, fourth, fifth, sixth, ninth, and fourteenth amendments to the Constitution of the United States and Article 1, sections 2, 5, 9, 12, 17, and 23 of the Florida Constitution.

The prerequisites to a class action are outlined in Rule 23 of the Federal Rules of Civil Procedure:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). *See Johnson v. American Credit Co. of Georgia,* 581 F.2d 526, 530 (5th Cir.1978). Under Rule 23(b)(2), class certification is appropriate if it is shown that the City "has acted or refused to act on grounds generally applicable to the class" thereby entitling the class to injunctive or declaratory relief. 581 F.2d at 531.

Plaintiffs allege that the City has failed and refused to provide the homeless with adequate shelter and other necessities which are essential to their daily life activities. Furthermore, the plaintiffs argue, the City has made arrests, under color of state law, of homeless persons for conduct which arises from their daily lives on the public streets.

The City asserts that a class action cannot be maintained because the plaintiffs have failed to define adequately the proposed class. The description of the class must be sufficiently definite to enable the court to determine if a particular individual is a member of the proposed class. *See Jagnandan v. Giles,* 379 F.Supp. 1178, 1184 (N.D.Miss.1974), *aff'd* 538 F.2d 1166 (5th Cir.1976). The description of the class is sufficiently definite if any member of the proposed class would have the requisite standing to sue on his own behalf or "in his own right." *See Slaughter v. Levine,* 598 F.Supp. 1035, 1041 (D.Minn.1984).

This court concludes that the named plaintiffs have sufficiently described the class to be certified. *See, e.g., Orantes-Hernandez v. Smith,* 541 F.Supp. 351 (C.D. Cal.1982); *Hairston v. Hutzler,* 334 F.Supp. 251 (W.D.Pa.1971); *Broughton v. Brewer,* 298 F.Supp. 260 (N.D.Ala.1969); *Thompson v. City of Chicago,* 104 F.R.D. 404, 405 n. 1 (N.D.Ill.1984). It is appropriate to define narrowly the class description in terms of the primary issue in the case.

*See Lewis v. Gross,* 663 F.Supp. 1164, 1171 (E.D.N.Y.1986).

■ The plaintiffs have described the class as those homeless individuals who have been or expect to be arrested for conduct essential to their daily lives and who reside in the narrowly drawn geographic boundaries within the City of Miami. The description adequately defines the class whose members will be readily ascertainable. The court can readily determine whether a particular individual is a member of the proposed class who would have standing to bring an action on his own behalf. The class is neither vague nor overbroad and is sufficiently identifiable.

■ The City also challenges some of the fundamental requirements of Rule 23(a). The plaintiffs have the burden of proving all of the elements required for class certification. *Slaughter,* 598 F.Supp. at 1041. Rule 23(a)(1) requires that the proposed class is so numerous that joinder of all class members is impracticable. The court can make a subjective determination that joinder is impracticable based on considerations of "expediency and the inconvenience of trying individual suits." *Slaughter,* 598 F.Supp. at 1042. No specific number and no precise count is needed to sustain the numerosity requirement. *Lewis,* 663 F.Supp. at 1169. Several courts have granted class certification for as few as twenty five members. *Slaughter,* 598 F.Supp. at 1042. The court may examine statistical data and then draw reasonable inferences from the facts in determining whether the numerosity requirement has been met. *Lewis,* 663 F.Supp. at 1169. The court finds that the numerosity requirement has been met based upon a reasonable inference of the studies conducted of the homeless population and the nature of homelessness. Important interests of judicial economy are also served by certification of the proposed class. Class certification will prevent a multiplicity of suits against the same defendant for the same type of alleged wrongdoing.

■ The second requirement of Rule 23(a) requires a question of law or fact common to the members of the proposed class. It is not necessary, however, that the legal claims be identical. *Johnson,* 581 F.2d at 532. No qualitative or quantitative test will determine commonality. *Slaughter,* 598 F.Supp. at 1044. It is only necessary to find at least one issue common to all class members. 598 F.Supp. at 1044. The plaintiffs assert the following questions of law or fact common to the class members:

> [T]he city's arrest and harassment of its homeless for conduct which constitutes the normal, essentially daily activities of life on the streets, where the city has failed or refused to provide adequate shelter and other essential necessities for its homeless, is a violation, under color of state law, of freedoms and rights guaranteed to Plaintiffs and the class, under the United States Constitution, Amendment[s] 1, 2, 4, 5, 6, 9, and 14, and under the Florida Constitution, Article 1, Sections 2, 5, 9, 12, 17, and 23.

*See* Complaint at para. 12–13.

■ The mere presence of factual differences will not defeat the maintenance of a class action if there are common questions of law. *Coley v. Clinton,* 635 F.2d 1364, 1378 (8th Cir.1980). Rule 23(a)(2) does not require that there are questions of law *and* fact common to the class but rather only requires that there be either legal issue[s] or factual issue[s] common to the class.

■ The status of the plaintiffs as homeless is a fact common to the class. As homeless, they allege that they have been and will continue to be arrested solely for conduct that is fundamental to the maintenance of life. *See* Plaintiffs' Memoranda at sec. B. This single factual issue is sufficient to sustain class certification. *See Lewis,* 663 F.Supp. at 1167. It is irrelevant that those members arrested are charged with a variety of crimes such as loitering, trespassing, being in the park after hours, and vagrancy as long as the common factual circumstances of their homelessness subjects them to such arrest. The plaintiffs, under the circumstances before this court, have met the burden of demonstrating the existence of a common issue.

■ The plaintiffs must also show that their claims are typical of the claims of the class members in order to satisfy the requirement of Rule 23(a)(3). Under this rule, the plaintiffs' claims are typical if they arise "from the same course of conduct that gives rise to the claims of other class members and [are] based on the same legal theory and if [their] interests are not antagonistic to those of the class." *See Lewis*, 663 F.Supp. at 1168. The plaintiffs claim that they have been arrested and expect to be arrested in the future for conduct which arises from their status as homeless persons. The plaintiffs seek to represent class members who have suffered and will suffer the same arrests. The interests of the representative plaintiffs and the class are not antagonistic. As long as the "legal" or "remedial" theory is the same for all class members, the mere presence of factual differences will not defeat typicality.

The claims of the named plaintiffs arise out of the same legal theory as that of the proposed class members and so the plaintiffs have met the typicality requirement of Rule 23(a)(3).

■ The fourth requirement of Rule 23(a) ensures that the representative parties will fairly and adequately protect the interests of the class. The "adequacy of representation" requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the class action. *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir.1973). The plaintiffs are seeking the same type of declaratory and injunctive relief for themselves as they seek for the class members.

■ At the time that the plaintiffs filed their complaint, the named plaintiffs were homeless and identifiable members of the proposed class. It is irrelevant that two of the three named plaintiffs have subsequently secured employment and shelter. The named plaintiffs may continue to litigate the class certification issue even though they have lost their "personal stake" in the outcome because their claim on the merits is "capable of repitition, yet evading review." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 398–99, 100 S.Ct. 1202, 1209–10, 63 L.Ed.2d 479 (1980). Courts have applied the "capable of repitition, yet evading review" doctrine and allowed a plaintiff to continue in litigation despite lack of a current personal stake when the named plaintiff had a personal stake at the outset of the action and where the claim may arise against with regard to that plaintiff. *Id.*

The named plaintiffs will continue to vigorously prosecute the action since there is some likelihood that they might become involved in the same controversy in the future despite their current lack of a personal stake in the outcome. *Geraghty*, 445 U.S. at 398–99, 100 S.Ct. at 1209–10. Thus, the fact that the named plaintiffs Carter and Pottinger are not presently homeless does not defeat the class since the transitory nature of homelessness makes them susceptible to the condition in the future.

The fact that the City of Miami Police Department has never arrested the plaintiff Berry Young is immaterial since the class is defined in terms of those homeless persons who "have been arrested *or* expect to be arrested." The plaintiffs have demonstrated that others of the class may well be homeless and part of the class on one day, obtain temporary shelter that would remove them from the class, and once again reenter the class upon losing their temporary homes. *See* Plaintiffs' Supplemental Memorandum at p. 14.

The plaintiffs are homeless persons who are susceptible to arrest and the class members have experienced and continue to experience similar treatment. This court finds that the interests of the named plaintiffs are common to those of the proposed class and the plaintiffs' attorneys are familiar with the type of issues presented in this litigation and "have previously litigated constitutional and statutory issues in federal suits." This court finds that the adequacy of representation under Rule 23(a)(4) has been met because the interests of the named plaintiffs and the class members are not antagonistic and the plaintiffs

have qualified and experienced counsel able to prosecute the action on behalf of the entire class.

Finally, the City asks this court to exercise its discretion and deny class certification since granting the requested relief will benefit all class members even without class certification. *Women's Health Center of West City v. Webster,* 670 F.Supp. 845, 852 (E.D.Mo.1987). This court has limited discretion to deny class certification on the basis of the provisions of Rule 23(b)(2). *Slaughter,* 598 F.Supp. at 1045. Under Rule 23(c), a court may amend or alter the definition of the class at anytime prior to rendering a decision on the merits. *Lewis,* 663 F.Supp. at 1170. This court retains the discretion to modify the class certification to conform with subsequent developments in the litigation. *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). One of the primary purposes of the class action mechanism is to advance the "efficiency" and "economy" of litigation. 457 U.S. at 159, 102 S.Ct. at 2371.

The class certified shall consist of homeless persons who reside or will reside on the streets, sidewalks, parks, and in other public places in the geographic area bound on the north by Interstate 95, on the south by Flagler Street, on the east by Biscayne Bay, and on the west by Interstate 95, within the City of Miami, who have been, expect to be, or will be arrested, harassed, or otherwise interfered with by members of the City of Miami Police Department for engaging in the ordinary and essential activities of daily living in public due to the lack of other adequate alternatives.

DONE AND ORDERED.