555 So.2d 397 (1989)
Frank A. LOVE and Christina G. Love, Appellants,
v.
GENERAL DEVELOPMENT CORPORATION, Appellee.
No. 88-2191.
District Court of Appeal of Florida, Third District.
November 21, 1989.
Rehearing Denied February 13, 1990.
Stinson, Lyons, Gerlin & Bustamante, Richard Bennett and Lisa Bennett, Miami, for appellants.
McDermott, Will & Emery and Richard H. Critchlow, Miami, Cravath, Swaine & Moore and Paul M. Dodyk and Cory Edelman, New York City, Fleming & Klink, Daniels & Hicks, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
BASKIN, Judge.
The owners of individual homesites in various planned General Development Corporation [GDC] residential communities appeal a trial court order vacating an earlier order certifying them as a class in an action they filed against GDC. We reverse.
Appellants filed a class action against GDC pursuant to Florida Rule of Civil Procedure 1.220 for declaratory relief and to recover damages resulting from its breaches of the installment sales contracts governing *398 their homesites. Appellants complained that GDC breached its contracts by failing to complete roads leading to the homesites within the time provided by clauses two[1] and nine[2] of each of their installment sales contracts. The trial judge determined the class, but then recused himself from the case for reasons unrelated to this appeal. GDC petitioned the successor trial judge to reconsider the order determining the class; the successor judge vacated the order.[3]
Appellants assert that, in their complaint, they and other members of the class present a question of common interest. In response, GDC argues that the claims are not common to members of the class but are instead aggregated individual claims based on individual contracts. It points out that it has separate and distinct reasons for failing to comply with the contract provisions, and that these facts render class treatment inappropriate.
Although claims may arise from different factual contexts, they may be pled as a class action if
the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts.
Port Royal, Inc. v. Conboy, 154 So.2d 734, 737 (Fla. 2d DCA 1963), cited with approval in Harrell v. Hess Oil & Chem. Corp., 287 So.2d 291 (Fla. 1973); see Frankel v. City of Miami Beach, 340 So.2d 463 (Fla. 1976); Allen v. Avondale Co., 135 Fla. 6, 185 So. 137 (1938); Powell v. River Ranch Property Owners Ass'n, Inc., 522 So.2d 69, 70 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988); Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976), appeal dismissed, 354 So.2d 978 (Fla. 1977); Fla.R.Civ.P. 1.220; but see K.D. Lewis Enter. Corp., Inc. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984).
Here, appellants are suing to recover for breaches of identical clauses in their purchase agreements. Although other clauses in the contracts may not be common to all contracts and the reasons for GDC's delays in providing roads may vary, class certification is appropriate because each claim is based on the same essential facts and each complainant seeks enforcement of the contractual remedy. We therefore hold that the trial court abused its discretion in refusing to certify the class. We reverse the order vacating the order determining the class and remand for reinstatement of the class action without prejudice to the creation of subclasses, if appropriate. See Imperial Towers, 338 So.2d at 1084.
Reversed and remanded with directions.
NOTES
[1] In all of the subject contracts, clause two provides:

2. STREETS.
This property is currently undeveloped. We agree to complete hard surface all weather streets adjacent to your property before the end of the development year stated on the front of this contract.
Some of the contracts contain the following additional language:
However, installation of improvements could be delayed by weather conditions, labor conditions, delays in issuance of governmental permits or other events beyond our control.
[2] Clause nine provides:

9. YOUR RIGHTS IF WE FAIL TO PERFORM
If we fail to meet any of our obligations under this Contract you may elect either of the following exclusive remedies at your option and upon notification to you and opportunity to elect one of these remedies, we will be released from any further obligations under this Contract.
(a) You may exchange this property for other available property of similar value in this or any other of our communities in a similarly desirable location, or
(b) We will refund all payments made by you under this Contract.
There are no other privileges of cancellation or refund except as stated above.
[3] The court acted without furnishing notice to members of the class or conducting a hearing.