641 So.2d 888 (1994)
Norma R. BROIN, Major Mark L. Broin, USMC, her husband; Patricia Young; Joyce Newman Scott; Marilyn Mittan; Patricia Crittenden; Nancy Fossey Strickland; Donna O'Neil; on behalf of themselves and all others similarly situated, Appellants,
v.
PHILIP MORRIS COMPANIES, INC., a Virginia corporation; Philip Morris Incorporated, ("Philip Morris U.S.A."), a Virginia corporation; Philip Morris International Inc., ("Philip Morris International"), a Virginia corporation; RJR Nabisco Holdings Corp., a Delaware corporation; RJR Nabisco Holding Group, Inc., a Delaware corporation; RJR Nabisco Capital Corp., a Delaware corporation; RJR Nabisco, Inc., a Delaware corporation; Loews Corp., a Delaware corporation; Lorillard, Inc., a New York corporation; Lorillard Tobacco Co., ("LTC"), a Delaware corporation; Brooke Group Ltd., a Delaware corporation; American Brands, Inc., a Delaware corporation; Dosal Tobacco Corp., a Florida corporation; The American Tobacco Company, a Delaware corporation; and Liggett Group Inc., a Delaware corporation, Appellees.
No. 92-1405.
District Court of Appeal of Florida, Third District.
March 15, 1994.
Rehearing Denied September 14, 1994.
*889 Stanley M. Rosenblatt and Susan Rosenblatt, Miami, for appellants.
Coffey, Aragon, Martin & Burlington and Kendall Coffey; Popham, Haik, Schnobrich & Kaufman and R. Benjamine Reid, Miami, for appellees.
Before BASKIN, GERSTEN and GODERICH, JJ.
BASKIN, Judge.
We reverse the trial court's order dismissing class action allegations in plaintiffs' complaint.
Plaintiffs are thirty nonsmokers who are flight attendants employed by various airlines based in the United States. Plaintiffs filed a class action against Phillip Morris Companies, Inc., and other companies that manufacture and sell tobacco [collectively "defendants"], on their own behalf, and as class representatives on behalf of all similarly situated flight attendants, seeking damages under theories of strict tort liability, breach of implied warranty, negligence, fraud, misrepresentation, and conspiracy to commit fraud. The proposed class consists of approximately 60,000 flight attendants, currently and formerly employed by the U.S. airlines, who were continuously forced to inhale smoke emitted from cigarettes passengers smoked in airplane cabins. The class action complaint asserts that plaintiffs are suffering from diseases and disorders caused by their exposure to secondhand cigarette smoke.
Defendants filed motions to dismiss all class action allegations in the complaint. The court granted the motions, finding that the class was very large, the complaint presented issues of first impression, and the class representatives raised issues which might not be shared by the entire class. Furthermore, the court found that the representatives could not adequately safeguard the interests of the entire class and dismissed the class action allegations. Plaintiffs, the thirty class representatives, instituted an appeal.
Florida Rule of Civil Procedure 1.220(a) provides that a class action may be maintained if the court concludes that:
(1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
The rule is based on Federal Rule of Civil Procedure 23, dealing with class action lawsuits. Fla.R.Civ.P. 1.220 (Committee Notes 1980 Amendment).[1] We disagree with the court's conclusion that the complaint does not meet the rule's requirements. We find that plaintiffs' complaint has adequately alleged that class action treatment is appropriate. Holding that the complaint fulfills the four requirements of the rule, we reverse the dismissal.

NUMEROSITY
Plaintiffs unquestionably meet the first prong of the rule. As the court stated in its order of dismissal, the members of the class are numerous. The class asserted by plaintiffs is a distinct class described with great certainty. Harrell v. Hess Oil & Chem. Corp., 287 So.2d 291, 294 (Fla. 1973); Pottinger v. City of Miami, 720 F. Supp. 955, 957 (S.D.Fla. 1989). Separate joinder of the members would be impractical: there are over 60,000 people in the class. See, e.g., Maner Properties, Inc. v. Siksay, 489 So.2d 842 (Fla. 4th DCA 1986) (over 350 potential class members); Pottinger, 720 F. Supp. at *890 958 (proposed class of approximately 5,000 homeless persons); Pruitt v. Allied Chem. Corp., 85 F.R.D. 100 (E.D.Va. 1980) (30,000 members in proposed class). Under these circumstances, the size of the class is not a factor supporting dismissal of the class action.

COMMONALITY
The second criterion under rule 1.220 is commonality: whether the claims and defenses of the representative party raise questions of law or fact common to the class members. Fla.R.Civ.P. 1.220(a)(2). Defendants argue that the class members' claims are so diverse that class treatment would be impractical. We find no merit in their contention.
"The threshold of `commonality' is not high. Aimed in part at `determining whether there is a need for combined treatment and a benefit to be derived therefrom,' the rule requires only that resolution of the common questions affect all or a substantial number of the class members." Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 473 (5th Cir.1986) (citations omitted). Rule 1.220 does not require denial of class certification "merely because the claim of one or more class representative arises in a factual context that varies somewhat from that of other plaintiffs." Powell v. River Ranch Property Owners Ass'n, Inc., 522 So.2d 69, 70 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988); Pottinger, 720 F. Supp. at 958. The class in this case meets the threshold.
The complaint sufficiently alleges common questions of law and fact.
A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts.
Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081, 1084 (Fla. 4th DCA 1976) (quoting Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2d DCA 1963)), appeal dismissed, 354 So.2d 978 (Fla. 1977). The alleged facts, which we accept as true at this point in the proceedings, Estate of Bobinger v. Deltona Corp., 563 So.2d 739, 743 (Fla. 2d DCA 1990), demonstrate that the members of the class behaved in the same way, that they were passive inhalers of secondhand smoke, and that defendants acted toward each member in a similar manner, by manufacturing the cigarettes that exuded the smoke. The class members all seek recovery under the same common interest, and share a common interest in obtaining the relief sought.
Class members base their claims on conduct by defendants which raises common issues as to all class members. For example, the common issues presented include, inter alia:
(1) How much exposure to secondhand smoke causes disease?
(2) Whether and when the tobacco industry knew that exposure to secondhand smoke caused injury?
(3) Whether studies conducted by the tobacco industry provide information about the dangers of secondhand smoke?
(4) Whether the tobacco industry misrepresented data on secondhand smoking hazards and conspired to distort such information?
(5) Whether the tobacco industry has a duty to warn nonsmokers that exposure to passive cigarette smoke could cause serious health problems?
It is noteworthy that the common issues are potentially dispositive of the case. If defendants prevail on these issues, the individual claims will be rendered moot.
Contrary to defendants' assertion, plaintiffs' legal claims need not be completely identical. Pottinger, 720 F. Supp. at 958. Plaintiffs must merely establish a common claim "arising from the same practice or course of conduct that gave rise to the remaining claims and ... based on the same legal theory." Powell, 522 So.2d at 70. Claims that arise from different factual contexts may be pled as a class action if they present a question of common interest. Love v. General Dev. Corp., 555 So.2d 397, 398 *891 (Fla. 3d DCA 1989). The complaint satisfies this prerequisite.
It is of no moment, as defendants claim, that different statutes of limitation may apply, or that different choice of law provisions may govern. Differences among the class members as to applicable statutes of limitations do not require dismissal of a class action. Cohen v. Camino Sheridan, Inc., 466 So.2d 1212, 1214 (Fla. 4th DCA 1985). Entitlement to different amounts of damages is not fatal to a class action. Camino Sheridan, 466 So.2d at 1214. Should it become appropriate, the court may divide the class into subclasses to resolve these issues. See Love, 555 So.2d at 398; Imperial Towers, 338 So.2d at 1084; In re Diamond Shamrock, 725 F.2d 858 (2d Cir.1984); Raymark Indus., Inc., 782 F.2d at 471.[2] The record discloses no impediment to resolving the common issues in a single trial.
Contrary to defendants' assertions, dismissal is not required under Lance v. Wade, 457 So.2d 1008 (Fla. 1984), K.D. Lewis Enter. Corp., Inc. v. Smith, 445 So.2d 1032 (Fla. 5th DCA 1984), Mathieson v. General Motors Corp., 529 So.2d 761 (Fla. 3d DCA 1988), or Camino Sheridan. These cases do not dictate affirmance; they merely demonstrate Florida's aversion to class action treatment for breach of contract or fraud claims. Lance held that fraud on individual contracts for the purchase of home lots could not be the basis for class action. The Lance court reasoned that class action treatment was inappropriate under those circumstances because "[w]hat one purchaser may rely upon in entering into a contract may not be material to another purchaser." Lance, 457 So.2d at 1011. The court in K.D. Lewis Enter. Corp., held that tenants in an apartment complex could not bring a class action against the landlord because the landlord's omissions and noncompliance varied from tenant to tenant. The homeowners' class action complaint against the home builder in Camino Sheridan was dismissed because it did not allege that the house roofs or contracts in question were similar. In the present case, no discrepancies analogous to those inherent in the cited fraud and contract cases support the trial court's erroneous dismissal.
Moreover, the complaint maintains that defendants will assert common, if not identical, defenses to plaintiffs' claims, a factor that bolsters class action treatment. The trial will emphasize defenses applicable to the class as a whole, including such matters as whether defendants' behavior constituted an intent to defraud class members, and whether defendants conspired to conceal dangers of secondhand smoke. Class treatment will aid judicial efficiency and economy, and is warranted to avoid duplicitous litigation of these common issues. See In Re Agent Orange Product Liability Litigation, 818 F.2d 145 (2d Cir.1987).
It would be a perversion of the spirit behind rule 1.220, and the cases interpreting the rule, to hold, as defendants urge, that plaintiffs' class action allegations fail because plaintiffs do not present identical claims. If class actions were dependent on class members presenting carbon copy claims, there would be few, if any, instances of class action litigation. It is virtually impossible to design a class whose members have identical claims. Even in the context of a mass disaster, each afflicted member experiences the impact differently, according to the member's relative location and proximity to the event. Defendants' proposed holding would nullify the class action rule, a course of conduct we decline to follow.
"The very purpose of a class suit is to save a multiplicity of suits, to reduce the expense of litigation, to make legal processes more effective and expeditious, and to make available a remedy that would not otherwise exist." Tenney v. City of Miami Beach, 11 So.2d 188, 189 (Fla. 1942). Here, as in Tenney, if we were to construe the rule to require each person to file a separate lawsuit, *892 the result would be overwhelming and financially prohibitive. Although defendants would not lack the financial resources to defend each separate lawsuit, the vast majority of class members, in less advantageous financial positions, would be deprived of a remedy. We decline to promote such a result.

TYPICALITY
The next inquiry addresses the relationship of the class representatives' claim to the claims of the class members. Plaintiffs allege their claims are identical to the claims of other class members: they all sustained injuries from inhaling secondhand cigarette smoke. All class members seek the same remedy. Bobinger, 563 So.2d at 745; Raymark Indus., 782 F.2d at 473. The representatives' claims and the class members' claims are not antagonistic in any way. Raymark Indus., 782 F.2d at 473. The mere presence of factual differences will not defeat typicality. Pottinger, 720 F. Supp. 955 (S.D.Fla. 1989). The court's conclusion, that the representative parties' claims are not typical of each member of the class, is not supported by the record. Dismissal is therefore improper.

ADEQUATE REPRESENTATION
"The `adequacy of representation' requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the class action." Pottinger, 720 F. Supp. at 959. Rule 1.220(a)(4) has two requirements: 1) plaintiffs and class members must have common interests; and 2) class representatives will properly prosecute the class action. For the reasons already discussed, we hold that the representatives and the class members share common interests. Defendants have not established that representatives will inadequately prosecute the class action, and because the representatives seek the same relief for themselves as they seek for all class members, Pottinger, 720 F. Supp. at 959; Raymark Indus., 782 F.2d at 473, they are not likely to neglect their obligations to the class.
The trial court found: "It may be doubtful that the representative part[ies] can fairly and adequately protect and represent the interests of each member of the class because of widespread distribution of said members throughout this and other countries, and the diversity of the laws of such States and Nations." We reject the court's conclusion as mere speculation not supported by the record. Inadequate representation is not a consequence necessarily to be drawn from the fact that class members reside in various countries. Bobinger, 563 So.2d at 742. Similarly, the fact that plaintiffs' injuries vary in degree and severity does not foreclose class representation. All the allegations stem from similar conduct by plaintiffs and by defendants. There is no reason to conclude that representation will be inadequate.
Based on the foregoing reasoning, we reverse the order of dismissal and remand the cause with instructions to reinstate the class action allegations in the amended complaint.
Reversed and remanded.
NOTES
[1] Because rule 1.220 is patterned after Federal Rule of Civil Procedure 23, we may look to federal cases as persuasive authority on the interpretation of our rule. Powell v. River Ranch Property Owners Ass'n, Inc., 522 So.2d 69, 70 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988); see Lauda v. H.F. Mason Equip. Corp., 407 So.2d 392, 395 n. 9 (Fla. 3d DCA 1981); Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160, 1163 n. 4 (Fla. 3d DCA 1981); Gross v. Franklin, 387 So.2d 1046, 1048 n. 6 (Fla. 3d DCA 1980).
[2] Conflict of laws problems need not defeat the commonality requirement and deprive plaintiffs of class status. Close scrutiny of these issues may reveal fewer discrepancies among substantive laws of various states than defendants would have us believe. See James W. Elrod, Comment, The Use of Federal Class Actions in Mass Toxic Pollution Torts, 56 Tenn.L.Rev. 243, 253 (1988) (hereinafter Elrod, Comment). Subclasses can be utilized to deal with this situation should the need arise. Id.