STEVENSON, Judge.
In this action for declaratory relief and damages, appellants, sixteen purchasers of condominium units, filed a class action complaint against appellees, various title insurance companies and underwriters. Because we find that the trial court erred in dismissing the complaint with prejudice, we reverse.
At issue is a recorded mortgage encumbering the recreational area of the condominium and the subsequent demand for payment of the amount due under the balloon mortgage received by the condominium association. The complaint alleges that appellants received various title insurance policies from the assorted appellees and that none of the title insurance policies set forth as an exception, a mortgage recorded in the public records of Broward County. The mortgage encumbered the recreation center at the condominium development and each unit owner’s title. A demand was made by the condominium association upon each of the appellants for payment of their pro-rata share of the balloon payment coming due under the mortgage. The trial court found that the complaint failed to meet all four prongs of the so-called “class action rule”, rule 1.220, Florida Rules of Civil Procedure, and dismissed the case with prejudice.
We hold that the trial court was correct in dismissing the action, but erred in dismissing the complaint without leave to amend. Under the circumstances presented in the instant cause, appellants should have at least one more opportunity to plead a factual case which will meet class action criteria. See Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976); Cohen v. Camino Sheridan, Inc., 466 So.2d 1212 (Fla. 4th DCA 1985); Bailey v. Board of County Comm’rs, 619 So.2d 346 (Fla. 2d DCA 1993); Estate of Bobinger v. Deltona Corp., 563 So.2d 739 (Fla. 2d DCA 1990).
Reversed.
STONE and POLEN, JJ., concur.