694 So.2d 852 (1997)
COLONIAL PENN INSURANCE COMPANY, Appellant,
v.
MAGNETIC IMAGING SYSTEMS I, LTD., Appellee.
No. 96-774.
District Court of Appeal of Florida, Third District.
June 4, 1997.
*853 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Arthur J. England, Jr. and Joe N. Unger, Miami; Sheftall, Alvarez & Torres, Miami; Zebersky, Zebersky & Giulanti, Plantation, for appellee.
Sam F. Samilow and Raymond M. Blacklidge, Chicago, IL, for the Alliance of American Insurers as amicus curiae.
Dan Hendrickson, Tallahassee, for the Florida Consumer Action Network as amicus curiae.
Before FLETCHER, SHEVIN and SORONDO, JJ.
SHEVIN, Judge.
Colonial Penn Insurance Company appeals a class certification order. We affirm.
Magnetic Imaging Systems I, Ltd. ["Magnetic"], a medical services provider, brought this action seeking statutory interest under section 627.736(4)(c), Florida Statutes (1995),[1] on behalf of itself and other providers and insureds who have received personal injury protection ["PIP"] benefit payments from Colonial Penn, the insurer, beyond the thirty-day period provided in section 627.736(4)(b), but with no added statutory interest. The testimony introduced at the class certification hearing established that Colonial Penn had made a large number of late PIP benefit payments and had failed to include statutory interest in numerous late payments, that the interest on these payments ranged from $20 to $70 per claim, and that the class members lacked the resources to bring separate actions to recover such minor amounts. The trial court certified the class.
A class action may be maintained if the plaintiff can demonstrate that the facts alleged satisfy the requirements of Florida Rule of Civil Procedure 1.220(a)(1)(4). The first requirement is numerosity: "the members of the class are so numerous that separate joinder of each member is impracticable[.]" Fla.R.Civ.P. 1.220(a)(1). This requirement is clearly met by the class certified here. The class is composed of Colonial Penn insureds and medical providers who have received benefit payments from Colonial Penn beyond the statutory thirty-day period without tender of the statutory interest. Colonial Penn does not dispute numerosity, and the trial court found that numerosity was satisfied and that separate joinder of such a large number of claimants would be impracticable. Broin v. Philip Morris Companies, Inc., 641 So.2d 888 (Fla. 3d DCA 1994), review denied, 654 So.2d 919 (Fla. 1995); Maner Properties, Inc. v. Siksay, 489 So.2d 842 (Fla. 4th DCA 1986). The record supports these findings.
Contrary to Colonial Penn's position, the commonality requirement is also met in this case. Commonality requires that "the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class [.]" Fla.R.Civ.P. 1.220(a)(2). Here, Magnetic raises the same law and fact questions as the class members: whether statutory interest was due on tardy payments.
A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts.
Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081, 1084 (Fla. 4th DCA 1976)(quoting Port Royal, Inc. v. Conboy, *854 154 So.2d 734 (Fla. 2d DCA 1963)), appeal dismissed, 354 So.2d 978 (Fla.1977). Compare Cordell v. World Ins. Co., 418 So.2d 1162, 1164 (Fla. 1st DCA 1982) ("there is no agreement even among the named plaintiffs as to the remedy sought."), review denied, 429 So.2d 5 (Fla.1983). This case presents a question of common or general interest to all class members: statutory interest due on late PIP benefit payments. The class members have a similar interest in the relief sought: statutory interest due on late payments. The claims of class members present a common right of recovery under section 627.736(4)(c) based on Colonial Penn's conduct that raises common issues to all members: whether the statutory interest was paid when due. The class representative has successfully established that it has a common claim that "arises from the same practice or course of conduct that gave rise to the remaining claims and ... based on the same legal theory." Powell v. River Ranch Property Owners Ass'n, Inc., 522 So.2d 69, 70 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla.1988).
As this court held in Broin, application of different statutes of limitations, or entitlement to different amounts of damages is not fatal to a class action. Broin, 641 So.2d at 891. "Claims which arise out of the same course of conduct by a defendant but in differing factual contexts may be pled as a class action if they present a question of common interest." McFadden v. Staley, 687 So.2d 357, 359 (Fla. 4th DCA 1997). Despite Colonial Penn's claims that it may assert different defenses to the different insureds' claims, the trial will emphasize the defense common to all class members: whether statutory interest was due and payable.
The next requirement is typicality, and it compels an examination of the relationship of the class representative's claim to the claims of the class members: whether "the claim or defense of the representative party is typical of the claim or defense of each member of the class[.]" Fla.R.Civ.P. 1.220(a)(3). Magnetic alleges its claim is identical to the class members: all have received late PIP benefit payments without statutory interest. Magnetic seeks the same remedy as the class members: statutory interest due on late payments. Contrary to Colonial Penn's assertion, the record does not demonstrate that the representative's claims will be antagonistic to the class members' claims. "The mere presence of factual differences will not defeat typicality." Broin, 641 So.2d at 892.
The last requirement is the class representative's adequacy of representation, whether "the representative party can fairly and adequately protect and represent the interests of each member of the class." Fla. R.Civ.P. 1.220(a)(4). "The `adequacy of representation' requirement is met if the named representatives have interests in common with the proposed class members and the representatives and their qualified attorneys will properly prosecute the class action." Broin, 641 So.2d at 892. As demonstrated herein, the class representative and the members have common interests. The trial court found that Magnetic and its qualified lawyers would be adequate representatives, and the record clearly supports this finding. "A trial court's determination as to the qualifications of plaintiffs to adequately represent a class will not be disturbed on appeal absent a showing of a clear abuse of discretion." McFadden, 687 So.2d at 359.
This case presents the quintessential scenario for class action treatment. "The purpose of the class action is to provide litigants who share common questions of law and fact with an economically viable means of addressing their needs in court." Johnson v. Plantation Gen. Hosp. Ltd. Partnership, 641 So.2d 58, 60 (Fla.1994). It is highly improbable that the class members would have the resources to challenge, individually, Colonial Penn's failure to pay interest under section 637.736(4)(c). Based on the foregoing reasons, and finding that appellant's remaining points lack merit, we affirm certification.
Affirmed.
NOTES
[1] Section 627.736 provides:

(4) Benefits; when due....
(b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same....
(c) All overdue payments shall bear simple interest at the rate of 10 percent per year. (emphasis added).