JORGENSON, Judge.
The Aries Insurance Company, defendant below, appeals from a non-final order granting partial summary judgment on the issue of liability in favor of Onelia Aleman, plaintiff below. We have jurisdiction, Fla.R.App.P. 9.1S0(a)(3)(C)(iv), and affirm.
Aleman paid Aries $1,042.00 for automobile insurance for one year, but then received a “premium invoice” informing her that an additional $216.48 was due. This invoice, known as a “three option letter,” gave Ale-man three choices: pay the additional premium; request cancellation of the policy; or take no action and have the policy canceled on the specific date of June 10, 1993. Ale- *911 man chose the third option and did nothing. However, on June 18, 1993, Aries sent Ale-man a “notice of cancellation or nonrenewal” which informed her that the insurance was being canceled effective July 2, 1998. Ale-man was charged for the interim period of June 10 to July 2, at the higher rate, and subsequently filed suit, seeking declaratory relief and damages for breach of contract. The trial court found that section 627.7282, Florida Statutes (1993), contained unambiguous language requiring a letter that outlines the three options available in the statute and includes a cancellation date. The court interpreted the language to require a stated cancellation date, termination on that designated date, and a refund of any unearned premium.
The trial court correctly entered partial summary judgment for Aleman. As noted by that court, an absurd result will be reached if the statute is interpreted to require the listing of a specific cancellation date, yet also allow for cancellation on some other, unspecified date. See Savona v. Prudential Ins. Co. of Am., 648 So.2d 705, 707 (Fla.1995)(“When the language of a statute is clear and unambiguous, as is the case here, the statute must be given its plain and ordinary meaning.”); City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993)(“It is well settled that where a statute is clear and unambiguous, as it is here, a court will not look behind the statute’s plain language for legislative intent.”); In re McCollam, 612 So.2d 572, 573 (Fla.1993)(stating that the court “will not go behind the plain and ordinary meaning of the words used in the statute unless an unreasonable or ridiculous conclusion would result from a failure to do so”).
Affirmed.