JORGENSON, Judge.
Appellant Union American Insurance [Union], defendant below, appeals from a non-final order certifying a class action and designating appellee Jose Rodriguez, plaintiff below, as the class representative.[1] We affirm the order of the trial court, as all elements of Florida Rules of Civil Procedure 1.220(a) and (b) have been met.
Union issued an automobile insurance policy to Jose Rodriguez, but quoted an incorrect premium. Union subsequently sent Rodriguez notice of the additional premium due, and offered him the option of doing nothing and having his insurance canceled on a specified date.[2] Rodriguez did nothing; Union then sent a second notice that actually canceled the policy on a date several months after the date contained in the first notice. Rodriguez filed suit, contending that any return premium should have been calculated as of the date stated in the first notice. Union conceded that its usual practice was to cancel on a date subsequent to that given in the first notice. The trial court certified a class action.
*1249 Rule 1.220(a) enumerates four prerequisites for certification of a class action: numerosity, commonality, typicality, and adequate representation. First, numerosity has been established here; the trial court found that this class will be in excess of 20,000 people. See Broin v. Philip Morris Companies, 641 So.2d 888, 889-90 (Fla. 3d DCA 1994). Second, the commonality requirement has been met as “[t]he complaint sufficiently alleges common questions of law and fact”; the defendant asserts common, if not identical, defenses to the claims; and the class representative’s claims are sufficiently similar to the claims of prospective class members. Id. at 890-91 (“[Plaintiffs’ legal claims need not be completely identical.”). Third, typicality requires that the class representative’s claim or defense be typical of the claim or defense of each class member. Id. at 892. Here, all plaintiffs are claiming financial damages due to Union’s practice of canceling policies on a date later than that initially stated to insured individuals, resulting in extra premiums due. Fourth, adequate representation, met if the class representative’s interests are in common with that of the class members and if the representative’s counsel “will properly prosecute the class action,” has been found. Id.
Additionally, it must be established that this claim is maintainable as a class action. Fla. R. Civ.P. 1.220(b). The trial court, considering all relevant facts and circumstances, correctly concluded that in this case common questions of law and fact predominate over individual questions, and that class representation is superior to other methods of adjudication. Fla. R. Civ.P. 1.220(b)(3).
Affirmed.

. Jose Rodriguez died on July 10, 1996; Onelia Rodriguez, personal representative of his estate, is the substitute parly.

. The notice provided to Rodriguez was the same type of "three option letter” provided to Onelia Maria Aleman. See Aries Ins. Co. v. Aleman, 695 So.2d 910 (Fla. 3d DCA 1997).