698 So.2d 1244 (1997)
FORD MOTOR COMPANY, Appellant,
v.
Ronald MAGILL, Charles Jung, Burch & Burch, P.A., D.V.M., John Sherry, Randee Sallee, Dan Lyons and Harold Schnorrenberg individually and on behalf of all others similarly situated, Appellees.
No. 96-1675.
District Court of Appeal of Florida, Third District.
July 16, 1997.
Rehearing Denied October 1, 1997.
*1245 O'Melveny & Myers and John H. Beisner and Brian C. Anderson and Lynn E. Parseghian, Washington, DC; Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Wendy F. Lumish, Miami, for appellant.
Homer & Bonner and R. Lawrence Bonner, and Lorelei J. Van Wey and Marc A. Wites, Miami, for appellees.
Before NESBITT and LEVY, JJ., and BARKDULL, Senior Judge.
PER CURIAM.
Ford Motor Company appeals a class certification order. The appellees are five Ford Explorer owners who brought warranty and tort claims against Ford claiming that all 1991 to 1995 Ford Explorers contain an inherently dangerous defect that causes the support mechanism from each vehicle's rear liftgate mechanism to fail. The trial court certified two sub-classes, to wit:
The first subclass, the Economic Injury Class, includes Florida residents who are past or present owners and lessees of 1991 through 1995 model year Ford Explorers who have or by the time of final judgment herein, will have suffered property or incidental damages as a result of the liftgate defect. The second subclass, the Recall Class, includes Florida residents who are present owners or lessees of 1991 through 1995 model year Ford Explorers or owners of such vehicles at the time of final judgment herein.
The trial court denied certification of a personal injury class.[1] The purported classes would represent individuals that hold a contract status with Ford Motor Company. Florida law generally frowns on class action in contract matters. See Broin v. Philip Morris Co., Inc., 641 So.2d 888 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995); Southeast Bank, N.A. v. Almeida, 693 So.2d 1015 (Fla. 3d DCA 1997).
Under a national recall program adopted by Congress under Title 49, U.S.Code, the National Highway Traffic Safety Administration ("NHTSA"), a federal agency, has taken jurisdiction of this matter and negotiated recall mandates and extended warranties with which Ford Motor Company is complying. Therefore, NHTSA has accorded present owners of the vehicles a remedy to secure a correction of the problem to their vehicle, and Florida courts should defer to NHTSA per the reasoning of American Suzuki Motor Corp. v. Superior Court of Los Angeles County, 37 Cal.App.4th 1291, 44 Cal. Rptr.2d 526 (1995).
The trial court, in its certification order, relied on this court's opinions in R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39 (Fla. 3d DCA 1996) and Broin, supra. We find these cases not to be controlling. First, they sounded in negligence, not in contract, and second, they alleged personal injury, not injury to a chattel.
We therefore reverse the certification as to the recall and economic injury classes and *1246 leave each of the five individual remaining plaintiffs, and any others similarly situated, to their common law breach of contract actions, with directions to the trial court to dismiss the purported class action and to transfer the individual claims to the appropriate court that would have jurisdiction of any breach of contract action.
Reversed and remanded with directions.
NOTES
[1] The plaintiffs filed a cross appeal as to this denial, but abandoned same.