753 So.2d 626 (2000)
HOECHST CELANESE CORPORATION and Shell Oil Company, etc., Appellants,
v.
Robert FRY, et al., Appellees.
Nos. 5D99-966, 5D99-967.
District Court of Appeal of Florida, Fifth District.
February 25, 2000.
Rehearing Denied March 30, 2000.
Steven L. Brannock, Karl J. Brandes and John D. Mullen of Holland & Knight, Tampa, for Appellant Shell Oil Co.
Bryce W. Ackerman and Karl V. Hart of Hart & Gray, Ocala, Paul M. O'Connor, III, and Barry M. Kazan, of Kasowitz, Benson, Torres & Friedman, LLP, New York, New York, for Appellant Hoechst Celanese Corp.
Richard M. Leslie, P.A., and Maxine M. Long of Shutts & Bowen, LLP, Miami, Daniel Hicks, P.A., and Stephen D. Spivey, P.A., Ocala, for Appellees.

ON MOTION FOR REHEARING EN BANC
COBB, J.
We consider this case en banc in order to recede from our prior affirmance of the action of the circuit court granting class certification to the appellees, the plaintiffs *627 below. Our affirmance was improvident in light of established case authority and the facts of this case.
This appeal concerns claims that plumbing systems containing parts manufactured out of two plastic resinspolybutylene (made by Shell and others) and acetal (made by Hoechst Celanese Corporation)are defective and leak. The plaintiffs, and those they purport to represent, allegedly own or formerly owned mobile homes located in Florida that have a plumbing system containing components made from polybutylene or acetal. Under the plaintiffs' definition of the class they seek to represent, it is not necessary for a person's mobile home to have experienced a leak; the only prerequisite is that they own, or once owned, a plumbing system that includes some amount of polybutylene pipe and/or some amount of acetal. The plaintiffs claim that the defendants are liable for damages allegedly caused by fraudulent statements made by the defendants regarding their defective products.
It is apparent that polybutylene is not the only material used for plumbing pipes in mobile homes, nor do pipes alone comprise a plumbing system. Various fittings installed by various tools and workmen are involved. Without belaboring the point, and without resolution of the serious issues of privity and champerty implicated by this litigation, we conclude there are manifest reasons for denying class certification to the plaintiffs. As pointed out in the introductory statement of Shell's appellate brief:
First, individual questions not only predominate, but overwhelm any common issues presented by plaintiffs' claims. With respect to Shell, plaintiffs will have to show, plaintiff by plaintiff, that they have plumbing systems comprised of pipes containing raw materials produced by Shell, that these pipes fail prematurely, and that those failures are attributable to wrongful actions by Shell and not one of the many other causes of plumbing system failures. Each plaintiff must, in addition, prove that it was the subject of some fraudulent misrepresentation by Shell and that it relied on this fraudulent misrepresentation to its detriment. Assuming these significant hurdles can be cleared, each plaintiff must then show how it was damaged by the failures of these pipes. The predominance of these individual issues have caused numerous courts to deny class certification in similar plumbing cases around the country. These decisions are fully consistent with Florida's rejection of class actions as a vehicle to prove fraud.
Florida law is clear that fraud claims are inappropriate for class treatment as a matter of law because of the individual questions presented. Lance v. Wade, 457 So.2d 1008 (Fla.1984); Avila South Condominium Ass'n v. Kappa Corp., 347 So.2d 599 (Fla.1977); Osceola Groves v. Wiley, 78 So.2d 700 (Fla.1955); Humana, Inc. v. Castillo, 728 So.2d 261 (Fla. 2d DCA 1999); Execu-Tech Business Systems, Inc. v. Appleton Papers, Inc., 743 So.2d 19 (Fla. 4th DCA 1999); W.S. Badcock Corp. v. Webb, 699 So.2d 859 (Fla. 5th DCA 1997). As pointed out by the Florida Supreme Court in Lance:
[F]raud claims on separate contracts are inherently diverse ... because the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts ... and a choice of remedies is ordinarily provided.
Lance at 1011.
Moreover, the plaintiffs' proof fell far short of their burden under Florida Rule of Civil Procedure 1.220. They did nothing more than present testimony by one plumbing expert that polybutylene plumbing systems leak. Their cause of action, however, requires much more than that. It would be necessary for the plaintiffs to prove that the defendants defrauded each plaintiff, that each plaintiff relied on misrepresentations by the defendants, *628 and that as a result of those alleged misrepresentations, the plaintiffs were damaged. They must also show, mobile home by mobile home, whether the plumbing in that particular mobile home leaks and, if so, whether those leaks were caused by some wrongful action of these defendants as opposed to the numerous other causes for leaks identified by the plaintiffs' own plumbing expert. These individual issues not only predominate, but overwhelm, any common issues. Nor did the plaintiffs present any evidence below that the interests of the putative class representatives were typical of the absent class members they seek to represent.[1]
The plaintiffs argue that class certification is supported by the case of Broin v. Philip Morris Cos., Inc., 641 So.2d 888 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla.1995), which is specifically cited and relied upon in the order of the trial court. The Broin opinion, however, expressly distinguishes itself from cases involving fraud and contract such as Lance. See Broin at 891. In Broin, the class members were passive inhalers of secondhand smoke. They never even used the defendants' products. Individualized reliance was irrelevant. In the instant case, on the other hand, the plaintiffs allege that they own, or once owned, products in their mobile homes that are ultimately traceable to the defendants, thus raising questions of individualized reliance on the allegedly fraudulent misrepresentations and individualized contracts among the putative class members. As emphasized by the Florida Supreme Court in Lance, fraud claims are "inherently diverse" and not suitable for a class action. Lance at 1010. Even if there were conflict between Lance and Broin, we would be bound by the former since it is a Florida Supreme Court opinion.[2]
We agree with the appellants that the plaintiffs below did not meet their burden to justify class certification. At the heart of this case are individual issues concerning causation, fraud, reliance and damages. Common issues do not predominate.
The certification order entered below is
REVERSED.
ANTOON, C.J., DAUKSCH, W. SHARP, HARRIS, PETERSON, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] In fact, in their appellate brief, the plaintiffs incongruously argue that, as the recipients of choses in action, they owe no duty to the assignorswhile at the same time insisting they can adequately represent the class which includes the interests of those same assignors.
[2] We note that there is no mention of Lance in the appellees' answer brief.