822 So.2d 516 (2002)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Jo Carol KENDRICK, Appellee.
No. 3D01-917.
District Court of Appeal of Florida, Third District.
June 26, 2002.
Rehearing Denied August 14, 2002.
*517 Akerman, Senterfitt & Eidson and Marcy Levine Aldrich and Nancy A. Copperthwaite and Christopher S. Carver, Miami, for appellant.
Angones, Hunter, McClure, Lynch, Williams & Garcia, and Christopher J. Lynch, Miami, for appellee.
Before GODERICH and SHEVIN, JJ., and NESBITT, Senior Judge.
SHEVIN, Judge.
State Farm Mutual Automobile Insurance Company appeals an order certifying a class of Florida insureds. We reverse because the plaintiff did not prove the elements required for certification under Florida Rule of Civil Procedure 1.220.
A plaintiff seeking certification of a class action bears "the burden of demonstrating that the case is certifiable as a class action ...." Baptist Hosp. of Miami, Inc. v. Demario, 661 So.2d 319, 321 (Fla. 3d DCA 1995)(quoting Bishop v. Committee on Prof Ethics & Conduct, 686 F.2d 1278 (8th Cir.1982)). Here, the plaintiff has not done so.
Nothing in the record supports a finding that the first prong of the rule, numerosity, has been established. Fla. R. Civ. P. 1.220(a)(1). The trial court's findings are based on the size of State Farm's business; this is insufficient to meet the burden of proving numerosity. Plaintiff's appeal to common sense is meager proof indeed that the class is so numerous as to merit class action treatment. The plaintiff has not presented any evidence of numerosity in this case.
Plaintiff has not demonstrated commonalitythat the claims and defenses of the class representative are common to the class members. Fla. R. Civ. P. 1.220(a)(2). Liability in this case depends on resolution of multiple individual issues. The plaintiff's argument, that State Farm should treat all of its insureds the same, is insufficient to establish commonality. No "common right of recovery based on the same essential facts," has been demonstrated. Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So.2d 852, 853 (Fla. 3d DCA 1997).
The next element, typicality, examines the relationship of the plaintiff's claimsthe class representativeto the class's claims. Fla. R. Civ. P. 1.220(a)(3). The plaintiff's claims are not typical of any purported class claims. In fact, the evidence demonstrates the plaintiff was in a totally different position than the putative class members she would represent. While "[t]he mere presence of factual differences will not defeat typicality," Broin v. Philip Morris Cos., Inc., 641 So.2d 888, 892 (Fla. 3d DCA 1994), this case presents no typicality upon which to rest class certification.
*518 Lastly, plaintiff has not proven that she will be an adequate class representative. Fla. R. Civ. P. 1.220(a)(4). Nothing in the record demonstrates that plaintiff has "interests in common with the proposed class members[.]" Id. Plaintiff's case is dramatically different from the cases of the putative class members.
This case presents a multitude of varied claims under various insurance policies, based on widely divergent individual facts. Such cases are particularly unsuitable for class action treatment. See Humana, Inc. v. Castillo, 728 So.2d 261 (Fla. 2d DCA 1999); Cordell v. World Ins. Co., 418 So.2d 1162 (Fla. 1st DCA 1982); Wiener v. Avis Rent A Car, 318 So.2d 565 (Fla. 4th DCA 1975). To allow class certification in this case would undermine the purpose for which this procedural vehicle was created.
Based on the foregoing, we reverse the order certifying the class.
Certification reversed.