Michael POTTINGER, Peter Carter, Berry Young, Plaintiffs–Appellees,

v.

CITY OF MIAMI, Defendant–Appellant.

Nos. 91–5316, 92–5145.

United States Court of Appeals, Eleventh Circuit.

Dec. 7, 1994.

Leon M. Firtel, Kathryn S. Peco, Asst. City Attys. and Theresa L. Girten, Miami, FL, for appellant.

Kraig A. Conn, Nancy Ann M. Stuparich, and Harry Morrison, Jr., Tallahassee, FL, for amicus, Fla. League of Cities.

Thomas K. Braun, Becky S. James and Frieda A. Taylor, O'Melveny & Myers, Los Angeles, CA, for amicus, Nat'l Coalition for the Homeless.

Benjamin S. Waxman, ACLU, Robbins, Tunkey, Ross, Amsel & Raben; Jeffrey S. Weiner, Miami, FL, and Stephen J. Schnably, University of Miami Law School, Coral Gables, FL, for appellees.

Maria Foscarinis, Washington, DC, for amicus Nat. Law Center on Homelessness and Poverty.

William T. O'Neil, Covington & Burling, Washington, DC, for amicus.

Before HATCHETT and ANDERSON, Circuit Judges, and FAY, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this class action lawsuit on behalf of homeless persons in the Miami, Florida area, we remand for limited purposes, including clarification of the terms of the injunction and an update of the facts.

## FACTS

A group of homeless persons filed a class action lawsuit in the Southern District of Florida alleging that the City of Miami, Florida (the city), has a policy of harassing homeless people for sleeping, eating, and performing life sustaining activities in public places. In addition, the class asserted that the city routinely seizes and destroys its members' property and fails to follow its inventory procedures when confiscating personal property.

Pursuant to 42 U.S.C. § 1983, the class asserts that the city's activities constitute cruel and unusual punishment, malicious abuse of process, and unlawful searches and seizures, in violation of due process, the right to privacy, and the Equal Protection Clause. The class prayed for declaratory judgment, compensatory damages, and reasonable attorneys fees. Additionally, the class sought to enjoin the city from arresting homeless people for conducting necessary life sustaining activities and from destroying their personal property.

The district court ruled that the city's practice of arresting homeless individuals for harmless life sustaining activities that they are forced to perform in public is unconstitutional because the arrests constitute cruel and unusual punishment in violation of the Eighth Amendment, reach innocent conduct in violation of the Due Process Clause of the Fourteenth Amendment, and burden the fundamental right to travel in violation of the Equal Protection Clause. The court also determined that the city's practice of seizing and destroying the property of homeless people without following its written procedures for found or seized property violates the class's Fourth Amendment rights.

As relief, the district court ordered the following: (1) the parties must meet and establish two safe zones where homeless people may remain without being arrested for harmless activities; (2) the city's police department may not arrest homeless people for performing harmless life sustaining acts in the two designated safe zones; (3) the city may not arrest homeless people for sleeping or eating in two primary locales until the parties agree upon the location of the new safe zones; (4) the city's police department may not destroy homeless persons' property; (5) the city must follow its written procedures governing the handling of personal property; and (6) the city must provide the public with five days notice before cleaning parks to enable homeless people to move their property to a nearby place the city may designate. The city brought this appeal

challenging the basis and scope of the district court's injunction.

## STANDARD OF REVIEW

We exercise *de novo* review over the district court's legal rulings. *Newell v. Prudential Ins. Co. of America,* 904 F.2d 644, 649 (11th Cir.1990). We review a district court's injunctive relief for abuse of discretion. *Alabama–Tombigbee Rivers Coalition v. Dept. of Interior,* 26 F.3d 1103, 1106 (11th Cir.1994).

## DISCUSSION

At oral argument on December 2, 1994, it became clear that the facts of this case have materially changed since the issuance of the district court's 1992 order. For instance, both parties acknowledged that the city and private entities have constructed homeless shelters to address the problems the district court ruled on. In spite of the changes, the city has not sought a modification of the injunction; similarly, although the parties acknowledged that the "safe zones" are not operating as the district court envisioned, neither party has sought modification of the injunction.

Moreover, we find that certain provisions of the injunction are unclear. For example, it is unclear whether the city may arrest homeless people for engaging in lawful conduct when they are outside the safe zones, or whether the city is under a duty to transport homeless people to the safe zones. Finally, the parties have not complied with the district court's order directing them to establish safe zones through negotiation.

## CONCLUSION

For the foregoing reasons, we remand this case, on a limited basis, for the district court to address these concerns. Specifically, the district court should issue appropriate clarifying language to guide the city in its determination of the scope of its duties under the injunction, and the district court should consider whether its injunction should be modified in light of recent events. The district court should address these concerns within a reasonable time.*

REMANDED FOR LIMITED PURPOSES.

---

* The clerk of this court shall forward to this panel any orders the district court issues in this case.