**K.L., a minor, by William S. DIXON et al., Plaintiffs,**

**v.**

**J. Alex VALDEZ et al., Defendants.**

**Civ. No. 93–1350 BB/LCS.**

United States District Court,
D. New Mexico.

June 26, 1996.

Robert Tabor Booms, Barbara Gregg Glenn, Constance Fuqua, New Mexico Attorney General's Office, Santa Fe, NM, Robyn Hoffman, New Mexico Attorney General's Office, Albuquerque, NM, for Defendants.

Stevan D. Looney, Crider, Calvert & Bingham, Albuquerque, NM, for Defendant Heather Wilson.

Joseph Goldberg, Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, P.A., Albuquerque, NM, Nancy Koenigsberg, Protection & Advocacy System, Albuquerque, NM, Charles Peifer, Browning & Peifer, P.A., Albuquerque, NM, Robert J. Desiderio, Albuquerque, NM, Shelley Jackson, Ira Burnim, Judge David L. Bazelon, Mental Health Law Project, Washington, D.C., William E. Snead, Albuquerque, NM, William G. Walker, Walker & van Heijen-

oort, Albuquerque, NM, Peter Cubra, Albuquerque, NM, for Plaintiffs.

### *MEMORANDUM OPINION*

BLACK, District Judge.

This Opinion addresses two pending motions. The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that: (1) Plaintiffs' March 31, 1994 motion for class certification pursuant to Rule 23(b)(2) (Doc. 58) is not well taken and should be DENIED, and (2) Defendants' August 4, 1995 motion for an order to deny class certification (Doc. 358) should be STRICKEN from the record.

### I. Facts and Procedural History

Plaintiffs in this action for declaratory and injunctive relief allege that Defendants have violated several federal statutes and the United States Constitution. Plaintiffs are or were sixteen mentally or developmentally disabled children in the custody of the state of New Mexico, who seek to certify the following class: "all children who are now or in future will be (a) in or at risk of State custody and (b) determined by defendants and/or their agents to have any form of mental and/or developmental disability for which they require some kind of therapeutic services or supports." Pls.' 2d Am.Compl. at 10. Defendants are executive officers of the state of New Mexico in their official capacities, specifically, Secretary of the Department of Health J. Alex Valdez (formerly Michael Burkhart), Secretary of the Human Services Department Dorothy Danfelser (formerly Richard Heim), Secretary of the Children, Youth and Families Department Heather Wilson (formerly Wayne Powell), Superintendent of Public Instruction Alan Morgan, and the members of the State Board of Education.

In their second amended complaint, Plaintiffs allege that Defendants have violated provisions of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), the Medicaid Act, the Alcohol, Drug Abuse and Mental Health Reorganization Act ("ADAMHRA"), the Individuals with Disabilities Education Act ("IDEA"), and the Four-

teenth Amendment. On October 6, 1995, the Court dismissed Plaintiffs' claims under the ADAMHRA, as well as certain claims under the Rehabilitation Act, the ADA, the IDEA, and substantive due process. The Court also dismissed certain claims against Defendants Danfelser, Valdez, Morgan, and the members of the State Board of Education.

Plaintiffs moved for class certification on March 31, 1994 (Doc. 58), and Defendants moved for an order to deny class certification, or for an evidentiary hearing on this issue, on August 4, 1995 (Doc. 358). These motions are now before the Court.

## II. Analysis

■■■ Whether to certify a class is within the trial court's discretion, and "[t]here is no abuse of discretion when the trial court applies the correct criteria to the facts of the case." *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988). The purpose of the class-action device is to "save[ ] the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion." *General Tel. Co. v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982) (quotation omitted). Thus, "[w]hether a case should be allowed to proceed as a class action involves intensely practical considerations.... Each case must be decided on its own facts, on the basis of practicalities and prudential considerations." *Reed,* 849 F.2d at 1309.

■■■ A party seeking to certify a class must first show "under a strict burden of proof, that all the requirements of [Rule 23(a) ] are clearly met." *Rex v. Owens,* 585 F.2d 432, 435 (10th Cir.1978); *Castano v. American Tobacco Co.,* 84 F.3d 734, 740–41 (5th Cir.1996) ("A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class."). According to Rule 23(a), the party must show that

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). "The putative class must also satisfy one of the provisions of Rule 23(b)." *Sollenbarger v. Mountain States Tel. & Tel. Co.,* 121 F.R.D. 417, 423 (D.N.M.1988) (Theis, J.). Plaintiffs seek to certify a class under Rule 23(b)(2). Thus, Plaintiffs must also show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

In the present matter, Defendants argue that the Court should not certify a class for several reasons. Specifically, Defendants assert that (1) neither the named Plaintiffs nor the putative class members have standing, (2) the proposed class is not identifiable, (3) the named Plaintiffs are estopped from representing the class on the bases of res judicata and collateral estoppel, (4) named Plaintiffs J.S. and J.B. are inadequate class representatives, (5) the proposed class does not satisfy the Rule 23(a) prerequisites of commonality and typicality, and (6) the proposed class does not meet the requirements of Rule 23(b)(2).

■■■ The Court must first consider whether the proposed class satisfies the four prerequisites of Rule 23(a), that is, numerosity, commonality, typicality, and adequate representation. *Rex,* 585 F.2d at 435. The parties primarily dispute whether the proposed class satisfies the prerequisites of commonality and typicality, which "tend to merge." *Falcon,* 457 U.S. at 158 n. 13, 102 S.Ct. at 2371 n. 13. Commonality "requires only a single issue common to the class." Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3.12 at 3–69 (3d ed. 1992); *Pottinger v. City of Miami,* 720 F.Supp. 955, 958 (S.D.Fla.1989), *rev'd on other grounds,* 40 F.3d 1155 (11th Cir.1994). Thus, "either common questions of law or fact presented by the class will be deemed sufficient [and f]actual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist." *Milonas v. Williams,* 691 F.2d 931, 938 (10th Cir.1982), *cert. denied,* 460

U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983).

██ Similarly, "a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." Newberg & Conte, *supra*, § 3.13 at 3–76. Thus, "differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988). However, the typicality prerequisite is not satisfied where "the representative has any kind of a material conflict of interest with the class with respect to the common questions involved." Newberg & Conte, *supra*, § 3.13 at 3–73.

In the present matter, the sixteen named Plaintiffs have stated claims under the Rehabilitation Act, the ADA, the Medicaid Act, and the IDEA. They also assert violations of their substantive due process rights to minimally adequate treatment, family integrity, and access to judicial process. Some named Plaintiffs and putative class members have allegedly suffered violations of only one of the statutory and constitutional rights listed above. *See, e.g.*, May 10, 1996 Stipulation Facts at 4; Defs.' Surreply Pls.' Reply Supp. Mot. Class Certification Ex. 4 (Plaintiff E.E.'s only claim appears to be for medical screening mandated by Medicaid Act). Other named Plaintiffs and putative class members have allegedly suffered violations of two or three of the statutory or constitutional rights listed above. *See, e.g.*, May 10, 1996 Stipulation Facts at 5 (Plaintiff A.S. appears to assert claims under Rehabilitation Act, ADA, and substantive due process). However, to the Court's knowledge, no named Plaintiff and no putative class member has allegedly suffered violations of all or even most of the statutory and constitutional rights listed *supra*.

The Court must therefore conclude that there is no one statutory or constitutional claim common to all named Plaintiffs and all putative class members. Rather, each statutory and constitutional claim is common to an imprecisely defined subset of some named Plaintiffs and some putative class members. Thus, there can be no one legal theory or factual issue common to all Plaintiffs and all putative class members. *Pottinger*, 720 F.Supp. at 958. Nor can the claims of the class representatives and the class members be based on the same legal or remedial theory. *Adamson*, 855 F.2d at 676. *Cf.* Newberg & Conte, *supra*, § 3.10 at 3–51 ("When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more elements of that cause of action will be common to *all of the persons affected.*") (emphasis added).

Plaintiffs refer the Court to several allegedly similar cases in which classes were certified. *See, e.g.*, *New Mexico Ass'n for Retarded Citizens v. New Mexico*, 678 F.2d 847 (10th Cir.1982) (statewide class of disabled children alleged failure to provide free appropriate public education mandated by federal and state law); *Del A. v. Edwards*, 855 F.2d 1148 (5th Cir.1988) (statewide class of foster children alleged violations of single statute); *Jackson v. Fort Stanton Hosp. & Training Sch.*, Civ. 87–839 JP (D.N.M. filed May 23, 1989) (Parker, J.) (court certified class composed of residents of two state institutions for developmentally disabled persons). The Court finds that these cases are clearly distinguishable, because all of the class members in these cases allegedly suffered violations of the same statutory and constitutional rights.

However, the Court has located a case similar to the present matter in which the Third Circuit required class certification. *Baby Neal by Kanter v. Casey*, 43 F.3d 48 (3d Cir.1994).[1] In *Baby Neal*, the sixteen named plaintiffs alleged violations of the United States Constitution, the Child Abuse Prevention and Treatment Act, the Adoption Assistance Act, and Pennsylvania law. *Id.* at 53. The plaintiffs sought to certify a class of

---

**1.** The class certified in *Jeanine B. by Blondis v. Thompson*, 877 F.Supp. 1268 (E.D.Wis.1995), is also similar to the class proposed in the present matter. However, the precedential value of *Jeanine B.* is limited because in that case, class certification was unopposed. *Id.* at 1287.

"children in the legal care and custody of Philadelphia's Department of Human Services ..., who sought declaratory and injunctive relief against the officials responsible for operation of the child welfare system." *Id.* at 52. The district court denied the plaintiffs' motion for class certification, holding that the plaintiffs could not satisfy the commonality and typicality requirements of Rule 23(a). *Id.* at 52.

The Third Circuit reversed the district court's denial of class certification. *Id.* Regarding commonality, the Third Circuit rejected the district court's reasoning that

> [n]ot one of the common legal issues asserted by plaintiffs applies to every member of the proposed class.... The children's claims are based upon different legal theories depending on the individual circumstances of that child.... The services required to meet the needs of one child are vastly different from that of another child.

*Id.* at 60. Rather, the Third Circuit concluded, the plaintiffs "challeng[ed] common conditions and practices under a unitary regime. All the children in the class are subject to the risk that they will suffer from the same deprivations resulting from the [defendants'] alleged violations." *Id.*

The appellate court also rejected the district court's reliance on *Stewart v. Winter*, 669 F.2d 328 (5th Cir.1982), in which "prisoners challenging the conditions of prisons throughout the state of Mississippi were denied certification on commonality grounds." *Baby Neal*, 43 F.3d at 62. Distinguishing *Stewart*, the Third Circuit observed that while

> [t]he *Stewart* court was daunted by the prospect of 82 separate hearings to evaluate under the appropriate totality-of-the-circumstances test whether each of the counties' jails violated the plaintiffs' Eighth Amendment rights ... [t]he plaintiffs [in *Baby Neal*] challenge unitary systems and a much more localized service, *i.e.*, the provision of child welfare services in Philadelphia.

*Id.* The court emphasized that in *Baby Neal*, "trial [would] not require an individualized inquiry into a vast network of institutions. It is only the Philadelphia [Department of Human Services'] provision of the mandated services that is at issue." *Id.*[2]

In analyzing the typicality prerequisite, the Third Circuit relied particularly on the nature of the relief the plaintiffs sought. The court reasoned that because the plaintiffs sought only declaratory and injunctive relief, "there [we]re no other claims that could compromise the named plaintiffs' pursuit of the class claims." *Id.* at 63. Also, by focusing the relief to be granted on the defendants, "[t]he court would not need to assure that every child received an 'appropriate' case plan.... Instead, the court would assure that the [Department of Human Services] had an adequate mechanism for generating and monitoring appropriate case plans."

Although the *Baby Neal* case is similar to the present matter, the Court finds the two cases to be distinguishable in critical respects. First, the *Baby Neal* court's determination that "there [we]re no other claims that could compromise the named plaintiffs' pursuit of the class claims," 43 F.3d at 63, is inapplicable to the present matter. According to this statement, the *Baby Neal* plaintiffs had no conflicts of interest to prevent them from vigorously pursuing class claims. *See* Newberg & Conte, *supra*, § 3.13 at 3–73. In this case, however, there are potential conflicts of interest between the named Plaintiffs and the putative class.

For example, some named Plaintiffs may not have received Medicaid-mandated health screening, while they have been assigned surrogate parents under the IDEA. *See* Defs.' Surreply Pls.' Reply Supp. Mot. Class Certification Ex. 4; May 10, 1996 Stipulation Facts at 4 (Plaintiffs C.E. and E.E. may not have received health screening but do have surrogate parents). These Plaintiffs will be motivated to pursue the class's Medicaid Act claims at the expense of its IDEA claims. Because these Plaintiffs' claims are atypical to the IDEA claims of other class members, these Plaintiffs have a conflict of interest

---

2. The Third Circuit also indicated that it was "dubious as to the correctness of *Stewart*." *Id.*

with respect to those class members. The Court notes that the named Plaintiffs' lack of typicality also casts doubt on the adequacy of their representation of the class. Fed. R.Civ.P. 23(a)(4); *see* Newberg & Conte, *supra*, § 3.13 at 3–72 ("The typicality requirement is ... closely related to the ... prerequisite ... that the representative parties adequately protect the interests of the class members.").

Second, while the proposed class in *Baby Neal* challenged the child welfare system of a single city, *i.e.*, Philadelphia, the named Plaintiffs in the present matter challenge the child welfare system of an entire state, *i.e.*, New Mexico. The *Baby Neal* court's discussion of commonality reveals its reliance on the localized nature of the class. The court first asserted that trial of the class action would "not require an individualized inquiry into a vast network of institutions." *Id.* at 62. Then, in distinguishing the *Stewart* decision, in which certification of a statewide class was denied, the court stated that "the plaintiffs [in *Baby Neal*] challenge ... a much more localized service, *i.e.*, the provision of child welfare services in Philadelphia." *Id.*

In contrast, trial of the present matter as a class action would require individualized inquiry into a network of institutions servicing a geographical area significantly larger than the area at issue in *Baby Neal.* Likewise, the services Plaintiffs challenge are more analogous to the services challenged in *Stewart* than to those challenged in *Baby Neal:* the services at issue in this case, like those in *Stewart,* cannot be characterized as "localized." For all of the above reasons, the class the *Baby Neal* court certified is significantly different from the class Plaintiffs in the present matter seek to certify.

Furthermore, to the extent the *Baby Neal* class and the class proposed in the present matter are not distinguishable, the Court declines to follow the *Baby Neal* decision. The *Baby Neal* court reasoned that the proposed class satisfied the commonality requirement because "[a]ll the children in the class are subject to the risk that they will suffer from the same deprivations resulting from the [defendants'] alleged violations."

*Id.* at 60. However, according to this standard, virtually any group could satisfy the commonality requirement. Consideration of two hypothetical class actions, in which the plaintiffs assert the same claims for relief against the same defendants as in the present matter, is instructive. The first hypothetical proposed class consists of all developmentally disabled children in custody of the state of New Mexico residing at a single state institution. The second hypothetical proposed class consists of all children in New Mexico.

As in *Baby Neal,* the children in both of the hypothetical proposed classes are to some degree at risk that they may someday suffer each of the alleged violations challenged in the present action. However, the degree of risk to which the children are subject differs considerably between the two classes. In the first proposed class, all or most of the putative class members will probably suffer from each alleged violation that the defendants commit with respect to the class members' institution, because the defendants will probably act uniformly toward that institution. In the second proposed class, however, most of the putative class members will probably never suffer from any of the defendants' alleged violations, because the defendants will not act uniformly towards the class. Clearly, the first proposed class should satisfy the commonality prerequisite, and the second proposed class should not. Yet, according to the Third Circuit's standard, both classes should be certified. *Id.* at 60.

These two hypothetical classes illustrate that the degree of risk to which the members of a proposed class are subject, that they may experience the defendant's alleged violations, is critical in determining whether a class should be certified. In the present matter, the Court finds that the members of the proposed class do not satisfy the prerequisite of commonality because they are insufficiently subject to the risk that they may suffer from all of Defendants' alleged violations. *See Rex,* 585 F.2d at 435; *Castano,* 84 F.3d 734, 740–41. It is instructive that of sixteen named Plaintiffs, only four may need surrogate parents under the IDEA, only

three may need treatment guardians, and only half may need the medical screening mandated by the Medicaid Act. *See* Defs.' Surreply Pls.' Reply Supp.Mot.Class Certification at 4–6; May 10, 1996 Stipulation Facts.

Because the proposed class does not satisfy the commonality and typicality requirements of Rule 23(a), the Court will deny Plaintiffs' motion for class certification.[3] Notwithstanding this ruling, the Court will strike from the record Defendants' August 4, 1995 motion for an order to deny class certification. This motion is Defendants' third response[4] to Plaintiffs' motion for class certification, and was filed without the Court's permission in violation of Local Rule 7.6(b). D.N.M. LR–Civ. 7.6(b) ("The filing of a surreply requires leave of the Court.").

---

3. Because the Court will deny Plaintiffs' motion on the bases of commonality and typicality, the Court need not consider Defendants' other arguments in opposition to Plaintiffs' motion.

4. Defendants responded to Plaintiffs' motion for class certification on May 23, 1994, and filed a surreply with the Court's permission on October 19, 1994.