700 So.2d 680 (1997)
In re AMENDMENT TO FLORIDA RULES OF CRIMINAL PROCEDURE CAPITAL POSTCONVICTION PUBLIC RECORDS PRODUCTION-RULE 3.852.
No. 87688.
Supreme Court of Florida.
October 20, 1997.
Gregory C. Smith, Capital Collateral Regional Counsel-Northern District, Tallahassee; Peter Warren Kenny, Capital Collateral Regional Counsel-Southern District Counsel; John F. Mosher and Terri L. Backus, Capital Collateral Regional Counsel-Middle District, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General; Carolyn Snurkowski, Assistant Deputy Attorney General and Richard B. Martell, Chief, Capital Appeals, Tallahassee.
Prior report: Fla., 683 So.2d 475.

ORDER
The offices of the Capital Collateral Representative (CCR) for the Northern, Middle, and Southern Regions have moved to toll the time under Florida Rule of Criminal Procedure 3.852 for the postconviction defendants for each region set forth in the list attached to this order and for the periods stated in such list. The major bases asserted in the motions are to allow for the transition from a single CCR office to three regional offices and to allow sufficient time to hire the necessary lawyers to represent death penalty defendants in each of the regional offices in order to replace lawyers who have recently left the prior CCR office.
We find that there presently exists a serious problem in both the staffing of the regional offices as well as how pending cases are assigned to ensure that the offices are separate and thereby can avoid the question of conflicts in their representations. We conclude that we have no choice but to grant a tolling of rule 3.852 until January 15, 1998, for those postconviction defendants on the attached list, pending the filing of a detailed inventory and projected schedule for processing of all of the cases for postconviction defendants for which each region of CCR has responsibility pursuant to chapter 27, Florida Statutes. Such inventory and schedule shall include not only the postconviction defendants whose names appear on the attached list but also all of the postconviction defendants for whom the region has filed motions *681 under Florida Rule of Criminal Procedure 3.851 and for other postconviction defendants who are to be represented by a region of CCR, because by the date of the inventory their direct appeal has become final according to the provisions of rule 3.851 and chapter 27, Florida Statutes. The inventory and schedule is to provide a realistic expectation of the earliest date upon which an initial 3.851 motion (or amended 3.851 motion if a motion was filed in March 1997 with leave to amend) will be filed on behalf of the postconviction defendants or if there is a motion already pending which is not within the March 1997 initial motions, when that motion will be ready for a hearing pursuant to rule 3.851(c) or an evidentiary hearing if it had already been determined that an evidentiary hearing is necessary. We caution the parties that the requested extensions contained in this motion appear to be too long. It is our belief at this time that any further extensions in the filing under rule 3.852 will be of very limited duration because any such extensions will result in further delays in the filing of 3.851 motions.
It is ordered that each regional CCR office file the inventory and schedule before December 30, 1997; that the attorney general may file a response to that plan on or before January 6, 1998; and that this Court will consider the plan and hear this matter in oral argument on January 8, 1998.
It is ordered that each regional CCR office file an inventory and plan for the filing of all rule 3.850 petitions and dispositions and disposition of all other pending matters on or before December 30, 1997; that the attorney general may file a response to that plan on or before January 6, 1998; and that this Court will consider the plan and hear this matter in oral argument on January 8, 1998.

 NORTHERN CAPITAL COLLATERAL
 REGIONAL COUNSEL
Samuel Derrick 90 days
Crosley Green 90 days
Ronald Heath 90 days
Frank Walls 90 days
Gary Whitton 90 days
Brett Bogle 90 days
Curtis Windom 180 days
Darryl Barwick 180 days
Mark Geralds 180 days
Donald Dillbeck 180 days
James Patrick Bonifay 180 days
 MIDDLE CAPITAL COLLATERAL
 REGIONAL COUNSEL
John Marquard 90 days
Patrick Hannon 90 days
Alfred Fennie 90 days
Derrick Smith 90 days
Aileen Wuornos (I) 90 days
Aileen Wuornos (II) 90 days
George Brown 90 days
David Pittman 90 days
Charlie Thompson 90 days
John Henry (I) 90 days
John Henry (II) 90 days
Henry Davis 90 days
Michael Lockhart 90 days
Victor Farr 90 days
Anthony Washington 90 days
James Dailey 90 days
Charles Finney 90 days
Guy Gamble 90 days
James Hunter 90 days
Emanuel Johnson (I) 90 days
Emanuel Johnson (II) 90 days
Aileen Wuornos (IV) 90 days
 SOUTHERN CAPITAL COLLATERAL
 REGIONAL COUNSEL
Dwayne Parker 90 days
Michael Griffin 90 days
Lancelot Armstrong 90 days
Henry Garcia 120 days
Norberto Pietro 120 days
Kenneth Watson 150 days
Rodney Lowe 150 days
Kenneth Foster 150 days
Lloyd Allen 180 days
Robin Archer 180 days

*682 KOGAN, C.J., and OVERTON, GRIMES, HARDING and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.
WELLS, J., concurs with an opinion.
WELLS, Justice, concurring.
In view of the status of reorganization of CCR, I must concur that a tolling is required. However, it is also my view that at the end of this tolling, the three regions must have developed a plan for each defendant's case to be substantially and materially progressed during 1998. This progress would preferably be accomplished by CCR staff counsel. However, if the CCR in each region does not conclude that each case can be substantially and materially progressed in 1998 by CCR staff counsel, then I believe it is the responsibility of each regional CCR to find a competent contract counsel who will so progress the case in 1998, enter into a contract with that counsel, and apprise the commission and the legislature of the estimated costs of that contract and its impact on CCR's budget.
What I see from my review of these lists of defendants are many defendants who already have been in postconviction status for two and three years, and nothing has been done toward adjudicating their postconviction motion. Additionally, from my review of the quarterly reports from the circuits, many hearings are being postponed because of change of counsel. A complete plan by each region to progress all postconviction capital cases must be developed. The public, the legislature, and the defendants have a right to know target dates for ending the delays in these cases.
Finally, I believe extensions of time by this Court must cease. More than a year ago, we crafted and adopted Florida Rule of Criminal Procedure 3.852, with specific time periods so that the public records complications of postconviction motions could be addressed. Through this date, these time periods have not gone into effect for far too many cases because we have repeatedly entered extensions. I recognize the circumstances of the extension requests have appeared to necessitate these extensions. However, in January 1998, a plan with time periods which will be adhered to by counsel and the Court will be the only further extension in which I will concur.