United States Court of Appeals,

Eleventh Circuit.

No. 97-2192.

Clarence E. HILL, of himself as an individual and on behalf of himself and all others similarly situated, Plaintiff-Appellee,

v.

Robert A. BUTTERWORTH, Attorney General for the State of Florida and Harry K. Singletary, Secretary, Florida Department of Corrections, Defendants-Appellants.

Dec. 15, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 4/(6-CV-288-MMP), Maurice M. Paul, Chief Judge.

Before HATCHETT, Chief Judge, and FAY and FARRIS[*], Senior Circuit Judges.

HATCHETT, Chief Judge:

The important issue in this case is whether the district court erred in ruling that the State of Florida has not achieved "opt-in" status pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. Because of substantial changes in circumstances since the district court's rulings, we remand the case to the district court for further proceedings.

When President Clinton signed the AEDPA into law, he expressed his hope that its first title would "streamline Federal appeals for convicted criminals sentenced to the death penalty" because "endless death row appeals have stood in the way of justice being served." Statement by President William J. Clinton upon Signing S.1965, 32 Weekly Comp. Pres. Doc. 719 (April 29, 1996). To this aim, section 107(a) of the AEDPA, codified at Title 28, Chapter 154, sections 2261 through 2266

---

[*]Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

of the United States Code ("Chapter 154"), provides generally for a one-time stay of execution,[1] a six-month period of time to file an application for writ of habeas corpus under 28 U.S.C. § 2254,[2] limitations on the scope of collateral review,[3] narrow grounds for amending an application[4] and enforceable decision-making deadlines for federal district and circuit courts.[5] These provisions apply, however, only if the capital prisoner's custodial state satisfies the provisions of section 2261(b) and (c), discussed herein. Otherwise, the less restrictive provisions of Title 28, Chapter 153, sections 2241 through 2254 control the section 2254 proceeding. This appeal concerns the State of Florida's "opt-in" status, that is, its eligibility to seek the "streamlined" procedures of Chapter 154.

## BACKGROUND

Appellee Clarence Hill is a Florida prisoner on death row. Hill brought this class action under 42 U.S.C. § 1983 against appellants Robert Butterworth, Florida's Attorney General, and Harry Singletary, Florida's Secretary of the Department of Corrections, in their official capacities, seeking declaratory and injunctive relief on behalf of all Florida capital prisoners currently awaiting execution pending the resolution of their state and federal challenges to their state convictions and

---

[1]*See* 28 U.S.C. § 2262(a)-(c). A three-judge panel of the circuit court must approve any additional stay of execution. 28 U.S.C. § 2262(c) (referencing 28 U.S.C. § 2244(b)).

[2]*See* 28 U.S.C. § 2263(a). This time period begins to run at the conclusion of the prisoner's direct appeal. 28 U.S.C. § 2263(a). The period is tolled during certain events, such as state post-conviction proceedings. 28 U.S.C. § 2263(b)(2). A prisoner may, for good cause, move the district court to toll the period for thirty days. 28 U.S.C. § 2263(b)(3).

[3]*See* 28 U.S.C. § 2264(a) (stating the general rule that district courts may consider only those claims "raised and decided on the merits in the State courts").

[4]*See* 28 U.S.C. § 2266(b)(3)(B) (referencing 28 U.S.C. § 2244(b)).

[5]*See* 28 U.S.C. § 2266(b)(1)(A) (180-day deadline for district courts) and § 2261(c)(1)(A) (120-day deadline for circuit courts). The state may enforce these deadlines by filing a writ of mandamus in the reviewing court. *See* 28 U.S.C. § 2266(b)(4)(B), (c)(4)(B). Chapter 154 does not impose any deadline on the United States Supreme Court.

sentences. Hill asked the district court to declare that Florida is not an "opt-in" state and enjoin it from asserting such status in any state or federal proceeding. On January 16, 1997, after placing the case on an expedited calendar, issuing a preliminary injunction and holding a bench trial, the district court certified the proposed class, granted the requested relief and entered final judgment in favor of Hill. *Hill v. Butterworth,* 170 F.R.D. 509 (N.D.Fla.1997) (incorporating by reference consistent portions of the court's preliminary injunction order, *Hill v. Butterworth,* 941 F.Supp. 1129 (N.D.Fla.1996)). The district court stated that its injunction would "remain in full force and effect" "until such time as [Florida] ... demonstrate[s] that [it] ha[s] satisfied all of the "opt-in' provisions" of Chapter 154. *Hill,* 170 F.R.D. at 524.

## DISCUSSION

In order for Florida to "opt-in" to Chapter 154, it must be able to answer the following six questions in the affirmative:

(1) Has it established a "mechanism for the appointment ... of competent counsel in State post-conviction proceedings brought by indigent prisoners whose capital convictions and sentences have been upheld on direct appeal to the court of last resort in the State or have otherwise become final for State law purposes"? 28 U.S.C. § 2261(b).

(2) Does the mechanism "offer counsel to all State prisoners under capital sentence"? 28 U.S.C. § 2261(c).

(3) Does the mechanism "provide for the entry of an order by a court of record-(1) appointing one or more counsels to represent the prisoner upon a finding that the prisoner is indigent and accepted the offer or is unable competently to decide whether to accept or reject the offer; (2) finding, after a hearing if necessary, that the prisoner rejected the offer of counsel and made the decision with an understanding of its legal consequences; or (3) denying the appointment of counsel upon a finding that the prisoner is not indigent"? 28 U.S.C. § 2261(c)(1)-(3).

(4) Does the mechanism provide for counsel's "compensation[ ] and payment of reasonable litigation expenses"? 28 U.S.C. § 2261(b); *see also Mata v. Johnson,* 99 F.3d 1261, 1266 (5th Cir.1996) (finding that Texas is not an "opt-in" state, although it adequately compensated counsel for petitioner-appellant), *vacated and remanded on other grounds on reh'g,* 105 F.3d 209 (5th Cir.1997).

(5) Is the mechanism established "by statute, rule of its court of last resort, or by another agency authorized by State law"?  28 U.S.C. § 2261(b).

(6) Does "the rule of court or statute ... provide standards of competency for the appointment of such counsel"?  28 U.S.C. § 2261(b).

An answer in the negative to any one of these questions prevents Florida from asserting "opt-in" status.  *See* 28 U.S.C. § 2261(a).[6]

On November 4, 1997, the court heard oral argument on two principal issues:  (1) whether the district court erred in finding that Florida fails to "provide standards of competency," as required under 28 U.S.C. § 2261(b);  and (2) whether the district court erred in finding that Florida's appointment mechanism fails meaningfully to "offer counsel to all State prisoners under capital sentence," as required under 28 U.S.C. § 2261(c).[7]

As to both issues, circumstances have changed materially since this case left the district court.  For instance, Florida brings to our attention many new statutory amendments, effective June 16, 1997, that may impact its "opt-in" status.  *E.g.,* Fla. Stat. § 27.701 (establishing three independent Capital Collateral Regional Counsels (CCRCs) instead of one Capital Collateral Representative (CCR));  § 27.703(3) (requiring post-conviction counsel "to have participated in a

---

[6]The district court found, and the parties agree, that Florida does not provide for a "unitary review."  *See* 28 U.S.C. § 2265;  *Hill,* 941 F.Supp. at 1135.  Therefore, our discussion of Chapter 154 does not concern that procedure.

[7]Florida raises four other issues on appeal:  (1) whether Hill has standing;  (2) whether this case involves a justiciable case or controversy;  (3) whether the district court abused its discretion in certifying the class;  and (4) whether the Eleventh Amendment bars jurisdiction. Upon due consideration, we find the first three issues to be without merit and unworthy of discussion.  Regarding the fourth issue, we agree with the Ninth Circuit that, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment does not serve as a bar to the instant action.  *Ashmus v. Calderon*, 123 F.3d 1199, 1204-06 (9th Cir.1997), *cert. granted,* --- U.S. ----, 118 S.Ct. 596, --- L.Ed.2d ---- (1997).  *But see Booth v. Maryland*, 112 F.3d 139 (4th Cir.1997), *petition for cert. filed,* --- U.S.L.W. ---- (U.S. Aug. 14, 1997) (No. 97-5623).

least five felony jury trials, five felony appeals, or five capital postconviction evidentiary hearings, or any combination of at least five of such proceedings" prior to court appointment); and § 27.704(1) (requiring full-time assistant capital collateral counsels to be members in good standing of The Florida Bar, have three years of criminal law experience and meet the requirements of section 27.703(3)). Conversely, Hill points out recent adverse developments concerning Florida's CCRCs and argues that these militate against Florida in its attempt to "opt-in." *E.g., In re Rule of Criminal Procedure 3.851 (Collateral Relief after Death Sentence Has Been Imposed) and Rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence),* No. 82322, 700 So.2d 682, 683 (Fla.1997) (granting CCRC's motion to toll filing deadline for state post-conviction motions until January 15, 1998); *In re Amendment to Florida Rules of Criminal Procedure Capital Postconviction Public Records Production-Rule 3.852,* 700 So.2d 680 (Fla.1997) (granting CCRCs' motion to toll discovery in certain state post-conviction proceedings until January 15, 1998, due to "a serious problem in both the staffing of the regional offices as well as how pending cases are assigned to ensure that the offices are separate and thereby can avoid the question of conflicts in their representations"); *Hoffman v. Haddock,* 695 So.2d 682, 684 (Fla.1997) (granting temporary stay of post-conviction evidentiary hearing based on CCR's allegation that it had inadequate funds) (*per curiam* ).

In light of these changes, we cannot conduct any meaningful review of the district court's factual findings and their application to the "opt-in" criteria of Chapter 154. Accordingly, and consistent with the dissolution provision in the district court's order, we remand this case to the district court for further proceedings consistent with this opinion. *See Pottinger v. City of Miami,* 40 F.3d 1155, 1157 (11th Cir.1994) (remanding case to the district court because new facts surfaced

at oral argument).[8]

REMANDED.

---

[8]On remand, we ask the district court to revisit its census approach and otherwise clarify its interpretation of Chapter 154's offer-of-counsel requirements under 28 U.S.C. § 2261(b), (c). *See Hill,* 170 F.R.D. at 521-24. Specifically, the court should address the point in time when the statute requires an inmate to have a lawyer appointed.