PER CURIAM.
In 1996, this Court, on its own motion, promulgated new Florida Rule of Criminal Procedure 3.852 to govern public records requests in capital postconviction relief proceedings. In re Amendment to Fla. R.Crim. P.—Capital Postconviction Public Records Production, 688 So.2d 475 (Fla.1996). Among other things, rule 3.852 requires that disputes regarding public records requests on behalf of a capital postconviction defendant be directed to the trial court hearing the defendant’s postconviction motion. The rule also sets forth time limits for requesting public records and for responding thereto.
Subsequent to our adoption of rule 3.852, the office of the Florida Capital Collateral Representative (OCR) was divided into three regional offices (Northern, Middle, and Southern). To allow for the transition from a single office to three regional offices, the three regional offices moved to toll the' time requirements of rule 3.852 for a number of postconviction defendants. In In re Amendment to Fla. R.Crim. P.—Capital Postconviction Public Records Production, 700 So.2d 680 (Fla.1997), we granted that request, tolling the time requirements required by rule 3.852 through January 15, 1998, for the defendants listed in that order.
In the order, we also provided that each regional office was to submit, by December 30, 1997, a detailed inventory and projected schedule for the processing of all eases for postconviction defendants for which the regional’office has responsibility. This Court directed that the inventories and schedules encompass the defendants listed in the order, all defendants for whom the regional office has filed a motion under rule 3.851, and all defendants who are to be represented by OCR because, by the date of the inventory, their appeal had become final.
We have now received schedules and inventories from all three offices. With the exception of the middle region’s schedule and inventory, the schedules and inventories submitted were not in a format that is easily comprehendible. In essence, each office is requesting that the time limitations set forth in rule 3.852 continue to be tolled for almost all eases because of the major administrative problems encountered in the transition from one central office to three regional offices. The transition has resulted in serious problems. Specifically, the offices assert that the simultaneous transitions taking place in the Justice Administrative Commission have created significant problems in providing the regional offices with funds and accountings of the current money available. Consequently, the offices allege that they do not know how much money has been allocated to them and in certain- cases, bills have not been paid. Additionally, the offices assert that they are suffering fi*om a lack of qualified and experienced personnel because not all of the attorney positions have been filled and many of the new attorneys have only limited expert *914 ence in death cases. Finally, the offices contend that they have inadequate funding to properly represent all of the cases that have been assigned to their offices.
Having considering the State’s response to these concerns and having heard argument from all parties to this proceeding, we conclude that we have no choice but to grant a blanket tolling of time limitations set forth in rule 3.852 until June 1, 1998, for each of those cases identified in the schedules and inventories of the regional offices for which an extension was requested. This tolling will provide an opportunity for the administrative problems to be resolved and will allow the legislature to examine and address the administrative problems currently being experienced by the regional offices as well as the regional offices’ contentions that more funding is needed before rule 3.852 can be implemented.
We also conclude that status inventories from each of the offices must be resubmitted by March 1,1998, in a form that is acceptable to this Court. The status inventories must address two separate categories of cases: (1) those in which a rule 3.850 motion has been submitted; and (2) those in which a rule 3.850 has not been submitted. The inventories must be in the format set forth in the attached appendix and must be listed by date in reverse chronological order from the date the United States Supreme Court denied cer-tiorari or the mandate was issued by this Court.
The status of all cases in the inventories will be set for oral argument during the first week of May 1998.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING and ANSTEAD, JJ„ and GRIMES, Senior Justice, concur.
WELLS, J., dissents with an opinion.