Jerry J. STUBBS, Plaintiff,

v.

MCDONALD'S CORPORATION,
Defendant.

No. CIV.A.03–2093–CM.

United States District Court,
D. Kansas.

March 4, 2004.

David W. Edgar, John F. Edgar, Daniel R. Young, Edgar Law Firm, LLC, Kansas City, MO, for Plaintiff.

Jennifer M. McMahon, Paul R. Garry, Meckler Bulger & Tilson, LLP, Chicago, IL, Robert W. McKinley, Brian N. Woolley, Lathrop & Gage, LC, Kansas City, MO, for Defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Pending before the court is plaintiff Jerry J. Stubbs' Motion for Class Certification and for Conditional Designation of Case as an FLSA Collective Action (Doc. 41) and defendant's Motion to Strike Plaintiff Jerry Stubbs' and Arlene Stubbs' Affidavits (Doc. 50).

## I. Class Certification

### A. Background

Plaintiff was employed by defendant for seven years as a second assistant manager in three different McDonald's restaurants in Johnson County, Kansas. All three restaurants in which plaintiff was employed were owned and operated by defendant.[1] Plaintiff voluntarily ended his employment with defendant in January 2003.

On February 28, 2003, plaintiff brought a class action suit against defendant alleging (1) defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 C.F.R. § 541.100, by improperly classifying plaintiff and the putative class as "exempt" employees rather than "non-exempt" and thereby failing to pay plaintiff and the putative class compensation for overtime hours worked; (2) defendant breached express and implied contracts with plaintiff and the putative class which expressly and impliedly stated that plaintiff would receive a monthly salary based on a forty-five (45) hour workweek; and (3) defendant breached written and oral agreements with plaintiff which expressly and impliedly stated that defendant would adhere to and follow the mandates of the FLSA.

Plaintiff is seeking certification of the following class: "All current and former first and second assistant managers, who were employed by defendant in such a position within the last three years, and who worked in one or more restaurants owned and operated by defendant within its Kansas City region."

Plaintiff's putative class is geographically limited to defendant's "Kansas City Region." However, plaintiff does not object to defendant's assertion that defendant has not had a Kansas City Region since October 2002. Instead, the Olathe, Kansas store where plaintiff last worked is currently part of the Hensley McCopCo group based out of McDonald's "Heartland Region." This group includes company owned and operated stores in Kansas, Missouri and Nebraska. The stores in the Heartland Region are grouped into four Business Centers, one in Kansas City, two based in St. Louis, and one based in Nebraska, each managed by a separate Operations Manager. Prior to October 2002, a Kansas City Region did exist. That region was smaller and included McDonald's owned stores only in the Kansas City metropolitan area and Lincoln, Nebraska. Like the Hensley McCopCo Group, the Kansas City region was also broken down by Business Centers. However, there were only two Business Centers in the Kansas City Region, one located in Kansas City and one located in Lincoln, Nebraska.

All of the stores in which plaintiff worked throughout his career were in the Kansas City Business Center, which includes all McDonald's owned and operated stores in the Kansas City metropolitan area on both sides of the Kansas/Missouri state line. The Kansas City Business Center does not include McDonald's owned and operated stores in St. Louis and Nebraska. There are approximately 20 McDonald's restaurants in the Kansas City Business Center.

Plaintiff's affidavit in support of his Motion to Certify a Class asserts that defendant had a business practice of purposefully understaffing its restaurants in order to reduce or eliminate overtime of hourly employees, and that this business practice "forced" plaintiff, "as well as other first and second assistant managers, to carry-out the duties and responsibilities of the staff, who were compensated on an hourly basis." (J. Stubbs Aff. ¶ 6). Therefore, plaintiff alleges that although his job title was "second assistant manager" and he was receiving a salary, plaintiff's actual job duties were those of an hourly employee, and, in effect, plaintiff worked over forty hours a week as an hourly employee without receiving overtime compensation. Plaintiff further alleges that other first and second assistant managers had similar job descriptions and were affected by defendant's alleged business practices in similar ways.

---

**1.** There are a number of McDonald's restaurants in Kansas City, St. Louis and Nebraska that are owned and operated by franchisees. As the employees in those restaurants are not McDonald's employees, the parties stipulate that the employees working in those restaurants are not at issue in this proceeding.

In addition to his own affidavit, plaintiff also submitted the affidavit of his wife, Arlene Stubbs, in support of his Motion to Certify. Ms. Stubbs was also employed by defendant in its **Kansas City regional office, located in Overland Park, Kansas, for approximately seven years. Mr. Stubbs was originally hired** by defendant as a human resources secretary and was later promoted to a human resources coordinator. Ms. Stubb's affidavit echoed plaintiff's contention regarding defendant's business practices. For instance, Ms. Stubbs stated: "With respect to one such business practice, defendant purposefully and willfully under staff [sic] its restaurants.... Defendant ... knowingly forced first and second assistant managers to carry-out the duties and responsibilities of the staff, who were compensated on an hourly basis." (A. Stubbs Aff. ¶¶ 5, 7).[2]

Although plaintiff's affidavit states that he has spoken with other first and second managers who shared his same job duties and also were not compensated for overtime worked, plaintiff did not provide the court with the names of, or affidavits from, any of these individuals. Moreover, plaintiff did not provide the court with any names of individuals who, given the opportunity, would be interested in joining in this lawsuit.

In its Response to plaintiff's Motion to Certify, defendant submitted five affidavits of current first and second assistant managers for defendant. Each of these affidavits specifically and thoroughly outlined each employee's specific job duties and directly opposed plaintiff's assertions that defendant has a business practice of forcing first and second assistant managers to perform the duties of hourly employees without compensating them for any overtime worked.

## B. Standards

Plaintiff seeks to certify classes for his FLSA claim, state law contract claim, and state law FLSA violation claim. Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C.A. § 216(b). Plaintiff's state law claims, however, require compliance with Federal Rule of Civil Procedure 23.

At issue with regard to plaintiff's FLSA claim is whether plaintiff and his putative class are "similarly situated" pursuant to 29 U.S.C.A. § 216(b). Although section 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001) (stating that, although "there is little difference in the various approaches," "the *ad hoc* approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards").

Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo. 1997)). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678) (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1066 (D.Colo.1996)). "At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'" *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678). "During this 'second stage' analysis, a court reviews several factors, including '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required by the [FLSA] before instituting suit.'" *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678).

The decision whether to certify plaintiff's state law actions as class actions under Fed-

---

**2.** The court notes that following her deposition testimony, Ms. Stubbs' credibility regarding her actual knowledge of defendant's business practices has been significantly called into question.

However, the court finds that, even while viewing Ms. Stubbs' affidavit as completely credible, the court would not change its analysis or ruling.

eral Rule of Civil Procedure 23 is within the discretion of the trial court. *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988). In exercising its discretion, the court must perform a "rigorous analysis" of whether the class satisfies the requirements of Rule 23. *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). A court may certify a class only if it is satisfied that the party seeking class certification has met the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Rule 23(a) requires a party to demonstrate that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). In addition, one of the requirements of Federal Rules of Civil Procedure 23(b) must also be met, and plaintiff asserts he meets the requirements of Rule 23(b)(3).[3]

## C. Analysis

### 1. Conditional Class Certification for Plaintiff's FLSA Claim

■ In order to receive conditional class certification under the *ad hoc* method, plaintiff must establish that he and his putative class are similarly situated by showing " 'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.' " *Thiessen,* 267 F.3d at 1105 (quoting *Vaszlavik,* 175 F.R.D. at 678 (quoting *Bayles,* 950 F.Supp. at 1066)). Plaintiff alleges that he and the other putative class members were victims of defendant's purported policy or plan of purposefully under-staffing defendant's restaurants and requiring first and second assistant managers to perform the duties of hourly employees in excess of forty hours a week without overtime compensation, in violation of the FLSA overtime compensation provisions.

Before analyzing whether plaintiff and the putative class were "victims of a single decision, policy, or plan," the logical preliminary question is whether the putative class shares similar job duties with plaintiff. The court first notes that plaintiff's putative class includes both first and second assistant managers. However, plaintiff himself only held the position of second assistant manager. Significantly, "[a] fundamental requirement of maintaining a class action is that the representatives must be members of the classes or subclasses they seek to represent." *Clayborne v. Omaha Pub. Power Dist.,* 211 F.R.D. 573, 580 (D.Neb.2002). Plaintiff has never held the position of first assistant manager, has provided no evidence which specifically outlines the similarities in job descriptions and actual job duties between first and second assistant managers, and has offered no evidence that any first assistant managers had similar job duties to his own. For these reasons, the court finds that plaintiff does not have standing to represent first assistant managers.

■ With regard to second assistant managers, the court understands that each restaurant owned by defendant is likely operated in a slightly different fashion from other restaurants owned by defendant, but the court believes it is common and accepted knowledge that defendant strives to maintain consistency throughout its restaurants. Therefore, the court finds it would be reasonable to presume that all second assistant managers employed by **defendant have the same job description, respectively, and that all share the same job duties.**[4] **However,**

---

**3.** Federal Rule of Civil Procedure 23(b)(3) states:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ... (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

**4.** The court notes that when deciding the merits of plaintiff's case, the FLSA specifically disallows courts from relying on job titles alone. *See* 29

any such presumption made by this court that all second assistant managers employed by defendant have the same respective job duties may be rebutted by defendant.

Here, plaintiff did not specifically describe his own job duties as a second assistant manager except to state that he was "forced" to "carry-out the duties and responsibilities of the staff, who were compensated on an hourly basis" and that "[a]ny managerial duties were, in most cases, forced to be neglected, or relinquished altogether." (J. Stubbs Aff. ¶ 6). In addition, plaintiff did not provide any affidavits, much less the names, of other second assistant managers who shared the same job duties as himself and were victims of defendant's purported policy of purposefully under-staffing defendant's restaurants. In fact, plaintiff provided the court with little evidence of his own job duties, plaintiff's actual knowledge of other second assistant managers' job duties, or specifically how his job duties were similar to other second assistant managers. Instead, plaintiff's affidavit made very conclusory and general allegations such as

> I have had numerous conversations with other assistant managers employed by defendant.... They also described their job duties, which were the same as mine. Further, other assistant managers employed by defendant related to me that they similarly suffered from the same business practices that kept me working over forty (40) hours per week without overtime compensation.

(J. Stubbs Aff. ¶ 9).

Defendant, however, supplemented its response with five affidavits of first and second assistant managers employed in the restaurants at issue. Each of these affidavits gave detailed descriptions of the employee's actual job duties. Moreover, each affiant stated that, while their role as first or second assistant manager occasionally or oftentimes required them to perform duties normally done by hourly employees for short periods of time, they continued managing employees and supervising the restaurant while doing so. For instance, Robb Cobb works as a second assistant manager in Belton, Missouri, and described his job duties as follows:

> When working as a shift manager, I spend approximately 15–20 hours a week working with crew members [hourly employees] at a crew station.... However, even when I am working at crew [sic] station, I continue to direct the work of the crew members working on my shift.... In other words, even when I am working at a crew station, I have to be sure that the rest of the restaurant is running properly.

(Cobb Aff. ¶ 8). Mr. Cobb's affidavit was typical of each of the affidavits submitted by defendant.

Thus, even assuming that other second assistant managers perform the same job duties as plaintiff and thus fell victim to defendant's alleged policy of forcing second assistant managers to perform the duties of hourly employees, the court finds that defendant has properly rebutted the presumption. Accordingly, the court cannot logically find that plaintiff's putative class of second assistant managers were forced to neglect or relinquish their management duties. The court acknowledges that the standard required for proof of "similarly situated" merely requires " 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.' " *Thiessen*, 267 F.3d at 1105 (quoting *Vaszlavik*, 175 F.R.D. at 678 (quoting *Bayles*, 950 F.Supp. at 1066)). While this standard does not require, for example, plaintiff to come forward with evidence of actual proof of a decision, policy or plan, the initial *ad hoc* FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone. The court finds that plaintiff has failed to meet his burden to prove that he and his putative class are similarly situated, especially in light of the evidence provided by defendant, and the court accordingly denies plaintiff's request for class certification of his FLSA claim.

C.F.R. § 541.2, "A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."

## 2. Class Certification for Plaintiff's State Law Claims

Plaintiff is also seeking class certification for his state law claims pursuant to Federal Rule of Civil Procedure 23. In support of his request for class certification, plaintiff contends that his putative class for each claim satisfies the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a), as well as the additional requirements of Rule 23(b)(3).[5] The court will address class certification regarding each of plaintiff's breach of contract claims separately.

### a. Breach of Contract Claim Regarding Forty–Five Hour Workweek

■ Plaintiff's first contract claim alleges that defendant expressly and impliedly entered into oral and written contracts which stated that plaintiff would receive a monthly salary based upon a forty-five hour workweek. Plaintiff did not mention these contracts, either written or oral, in his affidavit in support of his motion to certify, nor did plaintiff provide the court with any written contracts entered into by plaintiff and defendant. Moreover, plaintiff's deposition testimony, provided to the court by defendant, demonstrates that the basis for plaintiff's instant claim are conversations plaintiff had with Al Refat and Rob Clayton, both operations managers for the Kansas City Business Center, and Wendy Stevens, a store manager, in which plaintiff contends that Refat, Clayton and Stevens told plaintiff that he could expect to work a forty-five hour workweek. Plaintiff's deposition implies, and plaintiff did not allege otherwise, that these conversations did not include any other persons besides plaintiff, Refat and Clayton, or plaintiff and Stevens. Moreover, plaintiff is unable to point to any other potential plain-

tiff who alleges to have had similar conversations with any representative or agent of defendant. Accordingly, plaintiff's claim on this issue is strictly individual in nature, making class certification inappropriate. The court denies plaintiff's request for class certification for this claim.

### b. Breach of Contract Claim Regarding FLSA Adherence

■ Plaintiff's second breach of contract claim asserts that defendant breached written and oral agreements with plaintiff which expressly and impliedly stated that defendant would adhere to and follow the mandates of the FLSA. Plaintiff did not provide the court with any written contracts to support this contention. Unlike plaintiff's other contract claim, discussed above, the court believes that this claim could be found to be implied in defendant's actions. Therefore, the court will analyze the requirements of Rule 23(a) to determine whether class certification is proper. In doing so, the court does not believe that plaintiff arguably meets any of the requirements of Rule 23(a), although the court will focus its analysis on commonality and typicality.

The Rule 23(a) commonality requirement requires "questions of law or fact common to the class." A finding of commonality "requires only a single issue common to the class." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir.1999) (citing *K.L. v. Valdez*, 167 F.R.D. 688, 690 (D.N.M.1996)). Plaintiff fails to meet this standard because he has failed to provide any evidence that his job duties were similar to other second assistant managers employed by defendant, much less that other second assistant managers completely relinquished their managerial duties while performing hourly tasks. Con-

**5.** Federal Rule of Civil Procedure 23(b)(3) states: An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ... (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the inter-

est of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

sequently, plaintiff has not demonstrated a single common question of law or fact.

Plaintiff also fails the typicality requirement, which requires that "the claims or defense of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). A finding of typicality "does not require that the claims of class members be identical to the claims of the class plaintiffs." *J.B. ex rel. Hart*, 186 F.3d at 1299. Importantly, "differing fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 675 (10th Cir.1988). Here, plaintiff has not identified any person with claims similar to plaintiff's, much less that plaintiff's claims are typical of the putative class as a whole. Therefore, plaintiff is unable to satisfy the typicality requirement as well.

Having determined that the putative class, as alleged by plaintiff, fails to satisfy two requirements of Rule 23(a), the court declines to continue with its analysis, and denies plaintiff's request for class certification on this claim.

## II. Motion to Strike Affidavits

Defendant seeks to strike portions of plaintiff's affidavit and the entirety of Ms. Stubbs' affidavit, arguing that the affidavits are not based on personal knowledge but instead rely on inadmissible hearsay and offer inadmissible lay opinion testimony.

The court believes that plaintiff submitted the affidavits at issue solely to support his requests for class certification. Because the court is denying each of plaintiff's requests for class certification, the court finds defendant's Motion to Strike is now moot.

**IT IS THEREFORE ORDERED** that plaintiff Jerry J. Stubbs' Motion for Class Certification and for Conditional Designation of Case as an FLSA Collective Action (Doc. 41) is denied and defendant's Motion to Strike Plaintiff Jerry Stubbs' and Arlene Stubbs' Affidavits (Doc. 50) is denied as moot.