697 So.2d 897 (1997)
James C. PALADINO, D.M.D., P.A., et al., Appellants,
v.
AMERICAN DENTAL PLAN, INC., et al., Appellees.
No. 96-3191.
District Court of Appeal of Florida, First District.
July 11, 1997.
Rehearing Denied August 13, 1997.
*898 Robert E. Roundtree, Jr., of Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A., for Appellants.
James L. Reinman and Maureen M. Matheson of Reinman & Wattwood, P.A., Melbourne, for Appellees.
BOOTH, Judge.
This cause is before us on appeal from a non-final order of the lower court denying Appellants' motion to certify their class action suit. We reverse and remand for further proceedings.
Appellants are dentists participating in a prepaid dental plan organized and marketed by Appellees, American Dental Plan, Inc. ("ADP"). A dispute arose between Appellants and ADP over the disbursement of accumulated capitation payments ("back capitation") for periods in which subscribers (patients) had joined the ADP plan, but had not chosen a dentist.[1] In May of 1995, Appellants filed an amended complaint on behalf of themselves and all other dentists participating in the plan, claiming they were entitled to said back capitation under their contracts. As to class certification, Appellants alleged that common questions of law and fact existed between them and the alleged members, including: "Whether Defendants breached the agreements with Class Members by failing to pay Class Member `Capitation' as defined by the Participating Dentist Agreements and the Amendments thereto...."
The lower court denied class certification, finding that Appellants failed to meet the requirements of commonality under rule 1.220(a)(2) and predominance under rule 1.220(b)(3), Florida Rules of Civil Procedure. The lower court determined that the capitation payment provision in the parties' contracts was ambiguous and, thus, required a specific inquiry as to each dentist's intent at the time they signed the contract. This appeal followed. See Art. V, s. 4(b)(1), Fla. Const., and rule 9.130(a)(3)(C)(vii), Fla. R.App. P.
We hold that the amended complaint alleges common issues of fact and law sufficient to meet the commonality required by rule 1.220(a)(2) so that certification should have been granted. Broin v. Philip Morris Companies, Inc., 641 So.2d 888, 890 (Fla. 3d DCA 1994) ("The threshold of `commonality' is not high."). Every participating dentist appears to have the same capitation provision in their contract and each would seek recovery under this provision based upon a breach of contract. Rule 1.220(a)(2) only requires that resolution of the common questions of law and fact affect all or a substantial number of the class members. Broin, 641 So.2d at 890; see, e.g., W.S. Badcock Corp. v. Myers, 696 So.2d 776 (Fla. 1st DCA 1996)(finding that all members of the class had a common right of recovery based on the same financing terms); Love v. General Dev. Corp., 555 So.2d 397 (Fla. 3d DCA *899 1989)(holding class certification proper where plaintiffs sued to recover for breaches of identical clauses of purchase contracts).
In addition, the interpretation of the contract's capitation provision predominates over the other questions of law or fact affecting the individual class members. See rule 1.220(b)(3), Fla.R.Civ.P.; R.J. Reynolds Tobacco Co. v. Engle, 672 So.2d 39 (Fla. 3d DCA)(holding that plaintiffs suing tobacco companies met predominance requirement), rev. denied, 682 So.2d 1100 (Fla.1996). Although we acknowledge that some evidence of intent may be necessary to determine the meaning of the capitation provision for certain class members, we believe the better reasoned approach is to maintain the suit as a class action and, if required after further development of the issues, permit the lower court to create subclasses. See, e.g., Love, 555 So.2d at 398; also, Janicik v. Prudential Ins. Co. of America, 305 Pa.Super. 120, 451 A.2d 451 (1982) (stating that if refinement of the issues reveals seemingly similar contractual provisions merit differing interpretations, the court may create appropriate subclasses). Accordingly, we reverse and remand for further proceedings.
WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] Capitation is defined under the Participating Dentist Agreements as "that percentage of the Subscriber's Net Contribution collected by ADP on behalf of the Dentists for Dental Benefits rendered by the Dentist to [Subscriber]." More recent Participating Dentist Agreements added that capitation was to be "calculated and begin on the date the Subscriber becomes effective in the given Dental Facility, based on the type of plan and frequency of contributions."