PER CURIAM.
Lester Brodeur, Appellant, seeks review of an order denying his motion for class certification. The trial court found, after an evidentiary hearing, that Appellant failed to carry his burden to prove the propriety of class certification under Florida Rule of Civil Procedure 1.220, as to both the adequacy requirement of paragraph (a) and the predominance requirement of paragraph (b)(3). Because Appellant has not challenged the trial court’s finding that there was “no definitive evidence” as to his adequacy to represent the class, we are constrained to affirm.
Appellant, an owner of vacation rental property, entered into a contract with Dale E. Peterson Vacations, Inc., Appellee, for the provision of property management services. Under the contract, Appellee was to obtain tenants, manage the property, collect rent, service accounts, advertise, and provide financial reports to Appellant. In exchange for these services, Appellee was entitled to retain a percentage of the “gross rental income” collected from tenants. During the course of the contractual relationship, a dispute arose regarding the proper basis for determining the amount of “gross rental income.” As a result, Appellant brought action against Appellee for breach of contract and sought to represent hundreds of other property owners who had property management contracts with Appellee.
After an evidentiary hearing, the trial court found that the proposed class members’ contracts were identical to Appellant’s in all material and relevant terms. The trial court further found that Appellee treated all members of the proposed class in the same manner with respect to the determination of “gross rental income.” The trial court also found that at the trial on the merits, extrinsic evidence would be admissible to determine the meaning of “gross rental income” and that it may be necessary for each property owner to testify as to his or her understanding of that term. Additionally, the trial court concluded that evidence of Appellee’s course of dealing with the individual class members might become an issue, due to certain defenses Appellee raised at the certification hearing, such as waiver and modification.
All of Appellee’s potential defenses rested on arguments that various proposed class members knew of Appellee’s method of determining “gross rental income,” either before or after entering into the contract. According to Appellee, many of the proposed class members intended from the inception of the contract to have “gross rental income” determined according to Appellee’s method. Appellee contended that others learned of Appellee’s method of determining “gross rental income” during the course of the contractual relationship and acquiesced to that method. Ap-pellee gave some examples of the ways proposed class members might have learned of its understanding of the term “gross rental income,” including attendance at homeowners’ association meetings, having direct conversations with Appellee’s representatives,[1] accessing Appellee’s website, and reading a printed publication known as “the Vacation Planner.”
In its written order, the trial court discussed each of the elements required for *569 class certification. It found that Rule 1.220(a)’s requirements of numerosity, commonality, and typicality were met. It found, however, that “[t]here was no definitive evidence regarding adequacy, or lack thereof, brought forward at the certification hearing.” The trial court went on to discuss the requirements of Rule 1.220(b)(3), finding that although the superiority requirement was met, the predominance requirement was not. The determination that Appellant had not met the predominance requirement was based on the fact that individualized proof might be necessary to show the various class members’ understanding of the term “gross rental income” at the inception of the contracts and thereafter, based on Appellee’s defenses. Ultimately, the trial court concluded that Appellant had not met the burden of proof necessary for class certification and denied the motion.
It is the burden of the proponent of class certification to prove “each and every element required by rule 1.220.” Terry L. Braun, P.A. v. Campbell, 827 So.2d 261, 265 (Fla. 5th DCA 2002). The adequacy requirement of paragraph (a) is no exception, and the fulfillment of this requirement “is not to be presumed in the absence of specific proof to the contrary.” City of Tampa v. Addison, 979 So.2d 246, 253-54 (Fla. 2d DCA 2007). The trial court’s finding that there was no definitive proof of adequacy supports the determination that Appellant failed to carry his burden.
We note, however, that the trial court’s order reflects an erroneous application of the predominance requirement of Rule 1.220(b)(3). The instant case is indistinguishable from Paladino v. American Dental Plan, Inc., 697 So.2d 897 (Fla. 1st DCA 1997), as to that issue. In Paladino, the appellant sought to represent a class of dentists who had participated in a “prepaid dental plan.” Id. at 898. The dispute centered on a provision in the plan concerning the disbursement of “capitation payments.” Id. The trial court in Paladi-no denied certification, reasoning that “the capitation payment provision in the parties’ contracts was ambiguous and, thus, required a specific inquiry as to each dentist’s intent at the time they signed the contract.” Id. We reversed the denial of certification because “the interpretation of the contract’s capitation provision predominate[d] over the other questions of law or fact affecting the individual class members.” Id. In reversing, we noted that “some evidence of intent may be necessary to determine the meaning of the capitation provision for certain class members.” Id. We pointed out that, rather than denying certification altogether, the trial court should have allowed the suit to be maintained as a class action and, “if required after further development of the issues, permit the lower court to create subclasses.” Id.
Here, too, subclasses could be created to account for the few factual scenarios Ap-pellee presented as defenses at the certification hearing. It appears clear to us, based on the trial court’s findings, that the predominant issue will be the interpretation of identical language in contracts between one defendant and many similarly situated plaintiffs. Nonetheless, because Appellant has not challenged the trial court’s determination that he failed to prove his adequacy as a class representative, the trial court’s order is AFFIRMED.
WEBSTER, BROWNING, and LEWIS, JJ., concur.

. Appellee also alleged that some property owners had discovered how it assessed “gross rental income” through a print-out provided directly from Appellee. This print-out was, however, provided only upon request or in response to certain questions the property owners might ask of Appellee's representatives.